# Commonwealth *v.* Norton.

*Trade-mark—Counterfeiting—Label of Cigar Makers' International Union of America—Criminal law—Registration—Record—Evidence—Act of May* 21, 1895, *P. L.* 95.

On the trial of an indictment for counterfeiting a registered label of a cigar makers' union under the act of May 21, 1895, it is not necessary for the commonwealth to prove the registration as a record. The original certificate issued by the secretary of the commonwealth is made by the act itself prima facie evidence of the adoption of the label, and the right to adopt it. The certificate is evidence of the fact of registration.

On the trial of an indictment for counterfeiting a label of a cigar makers' union registered under the act of May 21, 1895, where it appears that on the label were the words, " all infringements upon this label will be punished according to law," the defendant must be charged with the knowledge that he was, in counterfeiting the label, doing an act morally wrong, and it is immaterial that he had no actual notice of the fact that the label had been registered.

A counterfeiter of a label registered under the act of May 21, 1895, cannot allege when indicted for the offense, that the label counterfeited contained objectionable matter which did not entitle it to registration.

*Constitutional law—Trade-mark—Label of workingmen's unions.*

The provision of the act of May 21, 1895, making it a misdemeanor to counterfeit labels of workingmen's unions, is a proper exercise of the police power, and the courts will not hold a statute declaring such an act a public wrong and an indictable offense, as unconstitutional and void, because the act does not include every trade-mark or label which individuals or associations may adopt.

*Trade-marks—Labels of workingmen's unions—Counterfeiting—Indictment.*

An indictment for counterfeiting a label of a workingmen's union is sufficient, which charges the offense substantially in the language of the act of May 21, 1895, describes the instrument which was counterfeited by the name and designation by which it was known, and sets forth the fact of its registry with the secretary of the commonwealth.

Argued Oct. 1, 1900.   Appeal, No. 110, Oct. T., 1900, by defendant, from order of Q. S. Berks Co., June T., 1899, No. 120, refusing to arrest judgment in case of Commonwealth *v.* James E. Norton.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Indictment for counterfeiting a label of the Cigar Makers' International Union of America, registered under the act of May 21, 1895.   Before ENDLICH, J.

The genuine label was as follows:

The counterfeit label was as follows:

At the trial the commonwealth made the following offer:

Mr. Wagner: I desire to offer in evidence the original certificate that was given to the Cigar Makers' International Union of America from the office of the secretary of the commonwealth of Pennsylvania, dated June 22, 1895, for the purpose of showing the adoption by the Cigar Makers' International Union of the label therein described, and for the purpose of showing the right of the union to the label therein described in this certificate, and to show also that the association has complied with the requirements of the law in the registration of this label.

Mr. Young: Objected to as incompetent, (1) because the proper evidence of registration would be the record itself or a duly certified copy of the entire record; the certificate offered is not evidence of the fact of registration and certifies to a mere matter of fact and does not purport to be a copy of the record duly certified. (2) The certificate upon its face does not certify to the fact of registration of a label, but certifies that the aforesaid " union " has this day been duly registered. (3) That section 2 of the act of May 21, 1895, P. L. 95, upon which the offer is based, violates article 3, section 7, of the constitution of Pennsylvania, forbidding the passage of any local or special law changing the rules of evidence in any judicial proceeding or inquiry before the court. (4) The label alleged to have been registered, a description of which is stated in the certificate offered, is not such a label as is entitled to registration under the act; the sole purpose of the act of assembly is to afford to labor organizations the privilege of marking goods as a product of their particular labor; this label goes further than this by recommending the quality and workmanship of the goods so marked as superior; such registration, if made, is void, and no rights are conferred thereby. (5) The offer is generally incompetent and inadmissible.

Mr. Wagner: I desire also to offer a certified copy from the secretary's office in connection with the original.

Mr. Young: This is objected to, as it does not show upon its face that it is a certified copy of the record on file in the office of the secretary of the commonwealth; a certified copy of the certificate is incompetent for the purpose offered or for any other purpose.

The Court: The addition to the offer is excluded on the objection made by the defendant's counsel. The original offer is admitted; bill sealed for defendant. [1]

The certificate offered in evidence and admitted was as follows:

### COMMONWEALTH OF PENNSYLVANIA.
#### OFFICE OF THE SECRETARY OF THE COMMONWEALTH.

" To all to whom these presents shall come, Greeting:

" Be it remembered, that the Cigar Makers' International Union of America, of Chicago, Illinois, County of Cook, has this twenty-second day of June, A. D. 1895, filed in the office of the Secretary of the Commonwealth for registration, under the provisions of an act of the general assembly of the commonwealth of Pennsylvania, entitled ' An act to provide for the adoption of trade-mark, labels, symbols or private stamps by any incorporated or unincorporated association or union of workingmen and to regulate the same,' approved May 21, 1895," the following description of the label adopted by the said union, said description being accompanied by two counterparts of said label, the description being as follows.

That said label so adopted is printed on paper of a light blue color and contains the following printed matter:

" September, 1880.

"Issued by authority of the Cigar Makers' International Union of America.

" Union-made Cigars.

" This certifies that the cigars contained in this box have been made by a first-class workman, a member of the Cigar Makers' International Union of America, an organization devoted to the advancement of the moral, material and intellectual welfare of the craft; therefore we recommend these cigars to all smokers throughout the world. All infringements upon this label will be punished according to law. President C. M. I. U. of America."

Before the word "president" is a facsimile signature of the president. To the right of said printed matter is a space left for a rubber stamp, and on the left of the printed matter is a facsimile of the seal of the association, the whole being surrounded by a scroll border, and has also produced proof, under oath,

that publication of notice of the intention of said filing has been made as required by said act of the general assembly.

"Therefore, the provisions of the said act of the general assembly having been complied with, the aforesaid union, an exact description of which is hereinbefore fully recited, has been this day duly registered and all papers relating thereto filed.

"In testimony whereof, I have hereunto set my hand and caused the seal of the secretary's office to be affixed the day and year above written.

"Seal of secretary's office, Pennsylvania.

[Seal]                        "FRANK REEDER,

"Secretary of the Commonwealth."

Defendant's points were as follows:

4. If the jury believe that at the time the labels were printed or sold by the defendant, he had no actual notice of the fact that the label was registered with the secretary of the commonwealth of Pennsylvania, the verdict must be not guilty. *Answer:* Declined and not read to jury. [2]

6. The label alleged to have been printed by the defendant is not such a label as is contemplated by the act of assembly, and if registered, is not protected under the act. There being no valid registration of the label, the prosecution fails and your verdict must be not guilty. *Answer:* Declined and not read to jury. [3]

7. Under all the evidence in the case your verdict must be not guilty. *Answer:* Declined and not read to jury. [4]

Verdict of guilty. The defendant moved in arrest of judgment, filing the following reasons:

1. The act of May 21, 1895, upon which the indictment in this case is drawn, is in violation of article 3, section 7 of the constitution of Pennsylvania.

2. The act of May 21, 1895, upon which the indictment in this case is drawn, is in violation of the fourteenth amendment to the constitution of the United States.

3. The bill of indictment in this case does not describe the label, alleged to have been counterfeited, in such manner as to sufficiently identify the same.

4. The indictment does not aver that the label, alleged to have been counterfeited, was duly registered in the office of

the secretary of the commonwealth of Pennsylvania, previously to the alleged counterfeiting thereof.

5. The indictment does not aver that the defendant had knowledge that the label, alleged to have been counterfeited, was duly registered in the office of the secretary of the commonwealth of Pennsylvania at the time of the alleged counterfeiting thereof.

The court overruled the motion in arrest of judgment, and sentenced the prisoner to pay a fine of $20.00 to the commonwealth and the costs of prosecution. The defendant appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions. (2–4) Above instructions, quoting them. (5–9) In overruling motion in arrest of judgment, quoting the reasons as above.

*Walter S. Young*, for appellant.—The certificate offered simply certifies to a fact and does not purpose to be a copy of the record, duly certified: Christine v. Whitehill, 16 S. & R. 98; Larned v. Sharpe, 5 Montg. L. Rep. 31; Merrell v. Tice, 104 U. S. 561; Roe v. Town of Philippi, 32 S. E. Repr. 224; Northumberland Co. v. Zimmerman, 75 Pa. 26.

The commonwealth must prove actual notice to the defendant that the label, alleged to have been counterfeited, was duly registered. A defendant in a criminal prosecution cannot be charged with constructive notice of the very fact upon which the prosecution must stand or fall: Burrow-Giles Lithographic Co. v. Sarony, 111 U. S. 53.

The label offered in evidence by the commonwealth, and alleged to have been counterfeited, is not such a label as is entitled to registration and protection under the act: McVey v. Brendel, 144 Pa. 235; Devlin v. Com., 12 W. N. C. 299.

The act of May 21, 1895, offends against article 3, section 7 of the constitution of Pennsylvania, which provides that " the general assembly shall not pass any local or special law granting to any corporation, association or individual, any special or exclusive privilege or immunity : Sanderson on Validity of Statutes, p. 98; McVey v. Brendel, 144 Pa. 235; Ayars's App., 122 Pa. 266; Seabolt v. Commissioners of Northumberland Co., 187 Pa. 318; In re Sugar Notch Borough, 192 Pa. 349; Juniata

Limestone Co. v. Fagley, 187 Pa. 197; Fraser v. Conway & Torley Co., 6 Pa. Dist. Rep. 555; Gulf, Colorado, etc., Ry. Co. v. Ellis, 165 U. S. 150; Com. v. Rutherford, 22 Pa. C. C. R. 425; Sewickley School Dist. v. Osborne School Dist., 19 Pa. C. C. R. 257; Bearce v. Fairview Twp., 9 Pa. C. C. R. 342; Scranton School Dist. App., 113 Pa. 176; Durkin v. Kingston Coal Co., 171 Pa. 199; Cohn v. People, 37 N. E. Repr. 60; State v. Bishop, 31 S. W. Repr. 9; Schmalz v. Wooley, 41 Atl. Repr. 939; State v. Hagen, 33 N. E. Repr. 223; Perkins v. Heert, 53 N. E. Repr. 18; Clark's Est., 195 Pa. 520; State v. Loomis, 115 Miss. 307; Dibrell v. Morris, 15 S. W. Repr. 87; Cigar Makers' Protective Union v. Conhaim, 40 Minn. 243; Weener v. Brayton, 152 Mass. 101; Schneider v. Williams, 44 N. J. Eq. 391.

An indictment must set forth all the elements necessary to constitute the offense intended to be punished: Com. v. Mulholland, 12 Phila. 608; Com. v. Bachop, 2 Pa. Superior Ct. 294; Com. v. Manderfield, 8 Phila. 457; Seifried v. Com., 101 Pa. 200; United States v. Carll, 105 U. S. 611; Cochran v. United States, 157 U. S. 290; Com. v. Buccieri, 153 Pa. 535; United States v. Tubbs, 94 Fed. Repr. 356.

The crime must be charged with precision and certainty, and every ingredient of which it is composed must be accurately and clearly alleged: United States v. Carll, 105 U. S. 611.

*Joseph P. McCullen*, with him *Abraham H. Rothermel*, district attorney, and *George W. Wagner*, for appellee.—The presumption is that the Act of May 21, 1895, P. L. 95, is constitutional: Craig v. First Presbyterian Church, 88 Pa. 46; Speer v. School Directors of Blairsville, 50 Pa. 157; Com. v. Moore, 2 Pa. Superior Ct. 165; Penna. R. R. Co. v. Riblet, 66 Pa. 169; Hilbish v. Catherman, 64 Pa. 159; Act of May 21, 1895, P. L. 95; Evans v. Philipp, 117 Pa. 229; Hawthorn v. The People, 109 Ill. 312; State v. Berka, 30 N. W. Repr. 268; Wheeler v. Philadelphia, 77 Pa. 349; Sugar Notch Borough, 192 Pa. 356; Seabolt v. Commissioners of Northampton Co., 187 Pa. 323; Perkins v. Heert, 53 N. E. Repr. 18; Schmalz v. Wooley, 41 Atl. Repr. 939.

By comparing the words of the indictment with the words of the Act of May 21, 1895, P. L. 95, it will be seen that the bill of indictment charges the offense substantially in the words of

the act.    This we claim is sufficient: Williams v. Com., 91 Pa. 502.

OPINION BY WILLIAM W. PORTER, J., March 19, 1901:

The defendant was convicted of counterfeiting the label of the Cigar Makers' International Union of America.    The conviction was had under the act of May 21, 1895, which provides, generally, for the adoption of trade-marks, labels, symbols or private stamps by incorporate or unincorporate associations or unions of workingmen, and makes the counterfeiting or imitation of such trade-marks, etc., a misdemeanor.    The act provides also for the registration of such trade-marks, etc., with the secretary of the commonwealth; for the certification of the registration; and that the certificate of the secretary shall in all suits and prosecutions under the act be deemed prima facie evidence of the adoption of such trade-marks, etc., and of the right to adopt the same.

The first assignment of error relates to the admission in evidence of the original certificate, issued by the secretary of the commonwealth to the Cigar Makers' Union.    The paper was objected to on the grounds, (1) that the record of the registration or certified copy of the entire record was necessary; (2) that the certificate was not evidence of the fact of registration; and (3) that the certificate was inadequate in form, since it certified only that the union itself was registered.    Objection was also made on constitutional grounds, which will be considered hereafter.    (1) The act itself provides, as we have seen, that the secretary of the commonwealth shall under his hand and seal, deliver to the union a certificate of registration, and that such certificate shall be prima facie evidence of the adoption of the label and of the right to adopt it.    It was, therefore, not necessary for the plaintiff to prove the registration as a record.    (2) The effect given to the certificate as proof of the adoption and the right to adopt, necessarily involved giving it effect as evidence of registration, since the certificate could issue only and be used for the purposes indicated, after registration, and on its face bears evidence of the fact. (3) The concluding language of the certificate is not exact.    In terms it seems to certify the registration of the union.    The body of the certificate, however, describes the label as presented

to the secretary of the commonwealth for registration under the act of May 21, 1895. Nothing in the facts stated or recitals set forth in the certificate indicates registration of anything or for any purpose, other than that contemplated by that act. The certificate recites that the provisions of the act have been complied with and that an exact description of the label has been duly registered and all papers relating thereto filed. The certificate, taken as a whole, is in effect a certification of registration of a label as contemplated by the act of May 21, 1895. The first assignment is dismissed.

The second assignment of error is to the refusal of this point of charge : "If the jury believe that at the time the labels were printed and sold by the defendant, he had no actual notice of the fact that the label was registered with the secretary of the commonwealth of Penn., the verdict must be not guilty." Upon the label which the defendant counterfeited were these words : "All infringements upon this label will be punished according to law." The defendant must be charged with the knowledge that he was, in counterfeiting the label, doing an act morally wrong : McVey v. Brendel, 144 Pa. 235, and of the law which imposed a penalty for the commission of the act. The act of assembly requires no notice of the fact of registration to be put upon the labels registered, but further than this, the label counterfeited by the defendant, had upon it a warning in the language above quoted. Where the act of the defendant is essentially and prima facie wrong, there can be no pretense of innocent intention. No error was committed in refusing the point of charge.

The third assignment of error is to the refusal of the trial judge to charge that " the label alleged to have been printed by the defendant is not such a label as is contemplated by the act of assembly and if registered, is not protected under the act. There being no valid registration of the label, the prosecution fails and your verdict must be not guilty." If the case before us were a proceeding primarily attacking the right to register, the argument that the label contained objectionable matter would have some force. The label is in many respects the same in form as that which was condemned in no measured terms by the Supreme Court in McVey v. Brendel, supra. True, some of the offensive expressions have been expunged,

but some expressions yet remain which were never intended by the legislature to be made a part of labels registered under the act of 1895. But this is not such a proceeding, and the fact that the label contains objectionable matter does not, in our opinion, in this prosecution, warrant us in declaring the label to be outside of the penal provisions of the act in a case where the label has been in fact registered. As said by the learned judge of the court below, a counterfeiter of a label which has been registered under the act of 1895, has apparently no more right to demand an acquittal on the ground of the illegality of the label registered, than one who has robbed a corporation, to set up that the company despoiled has no de jure existence. We think that the point of charge was rightly refused.

The fifth assignment of error raises the question, whether the act of May 21, 1895, is in violation of article 3, section 7 of the constitution of Pennsylvania, prohibiting the passage of local or special laws granting special or exclusive privileges. This branch of the case has been skilfully and elaborately presented by counsel. It has received from us a protracted and careful examination. It is said that the privilege created by the act is conferred only on union workmen, and that this is a basis of classification which results in special legislation, conferring special privilege on particular individuals or associations. Reflection and examination, however, have led us to the conclusion that the question thus raised is beyond the scope of the present inquiry. We have before us the case of a man convicted of counterfeiting a label adopted by an association which had the right to adopt the same : McVey v. Brendel, supra. The defendant knew or should have known that by counterfeiting he was guilty of wrongdoing. For his act the legislature has said that he shall be punished as for the commission of a misdeameanor. It is clear that the police power of the state extends to provision for the punishment of cases of moral wrong, and that with the legislature rests the determination of the question whether the particular wrongful act shall be punished or not. The question which we are called upon to decide is not whether the legislature has offended the constitutional inhibition in an enactment which, in its operation, is alleged to result (indirectly and consequentially) in conferring a special privilege upon a special class. So far as the case before us is

concerned, we are determining only that the legislature has the right to impose a penalty upon the commission of an act of turpitude.    That the man who counterfeits or imitates a label, purporting to be a union label, is doing that which is wrong, has been already decided : McVey v. Brendel, supra.    It is the public wrong that is being redressed, not a private injury.    It is the counterfeiting of instruments of a certain class with which we have to do.    We are not prepared to hold that a statute declaring such an act a public wrong and an indictable offense is unconstitutional and void, because it does not include every trademark or label which individuals or associations may adopt. The fifth assignment is dismissed.

Holding these views, we dismiss also the sixth assignment, upon which is founded the contention that the act of 1895 is in violation of the fourteenth amendment of the federal constitution.

It is complained (seventh assignment) that judgment should have been arrested because the bill of indictment did not sufficiently describe the label counterfeited.    The bill charged the offense substantially in the language of the act of assembly; the instrument which was counterfeited was described in the bill by the name and designation by which it was known, and the fact of its registry with the secretary of the commonwealth was set forth.    Upon this bill the defendant went to trial.    He cannot have suffered through ignorance of the matter to be tried.    The bill was not bad on its face, and the defendant did not demand a bill of particulars.    We dismiss the seventh assignment.

The remaining assignments do not seem to us to require special review.    All of the assignments are dismissed, the judgment is affirmed and the record is remitted that the sentence imposed by the court below may be carried into effect.