# Commonwealth *v.* Casey, Appellant.

*Constitutional law—Class legislation—Liberty to contract—Municipal corporations—Municipal contracts.*

1. The Act of July 26, 1897, P. L. 418, entitled, "An Act to regulate the hours of labor of mechanics, workingmen and laborers in the employ of the state, or municipal corporations therein, or otherwise engaged on public works," is not unconstitutional as violating secs. 1 and 9 of art. I, and secs. 3 and 7 of art. III, of the state constitution as class legislation and an unjust interference with a mechanic's, workman's or laborer's liberty to contract.

2. A contractor for the construction of a filtration plant of a city may be convicted of violating the provisions of the Act of July 26, 1897, P. L. 418, if he compels his workmen to labor for more than eight hours a day while engaged in work on the filtration plant.

MORRISON and HEAD, JJ., dissent.

Argued Nov. 8, 1909.  Appeal, No. 101, April T., 1910, by defendant, from judgment of Q. S. Allegheny Co., June Sessions, 1909, No. 217, on verdict of guilty in case of Commonwealth v. John F. Casey.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Indictment for violating the eight hour labor law.  Before MACFARLANE, J.

The case turned upon the constitutionality of the Act of July 26, 1897, P. L. 418.

Verdict of guilty, upon which judgment of sentence was passed.  Defendant appealed.

*Error assigned* was in overruling the defendant's motion to quash the indictment.

*Denis A. E. Behen,* for appellant.—The act infringes upon the constitutional right of the appellant and his employees to freely contract for their services, and deprives mechanics, workingmen and laborers, in the employ of a private contractor doing public work, of their right to contract freely for their own labor—or their property—without due process of law: Erdman v. Mitchell, 207 Pa. 79; Purvis v. United Brotherhood, 214 Pa. 348; Waters v. Wolf, 162 Pa. 153; Com. v. Brown, 8 Pa. Superior Ct. 339; Godcharles v. Wigeman, 113 Pa. 431; State v. Loomis, 115 Mo. 307 (22 S. W. Repr. 350); State v. Goodwill, 33 W. Va. 179 (10 S. E. Repr. 285).

The act is not a legitimate exercise of the police power of the state, vested in the legislature: Com. v. Zacharias, 3 Pa. Superior Ct. 264; Com. v. Brinton, 132 Pa. 69; Com. v. Keary, 14 Pa. Superior Ct. 583; Com. v. Vroo-

man, 164 Pa. 306; Com. v. Beatty, 15 Pa. Superior Ct. 5; Com. v. Hamilton Mfg. Co., 120 Mass. 383; Tiedman's Police Power, sec. 95; Holden v. Hardy, 169 U. S. 366 (18 Sup. Ct. Repr. 383); Lochner v. N. Y., 198 U. S. 45 (25 Sup. Ct. Repr. 539); Muller v. Oregon, 208 U. S. 412 (28 Sup. Ct. Repr. 324); Ritchie v. People, 155 Ill. 98 (40 N. E. Repr. 454); In re Eight Hour Bill, 21 Colo. 29 (39 Pac. Repr. 328); In re Kuback, 85 Cal. 274 (24 Pac. Repr. 737).

The act cannot be sustained as a direction by the legislature, the sovereign authority of the state, to one of its creatures or agencies, how public work shall be done: Ex parte Kubach, 9 L. R. A. 482; Seattle v. Smyth, 60 Pac. Repr. 1120; People v. Orange County Road Const. Co., 175 N. Y. 84 (67 N. E. Repr. 129); People ex rel. v. Coler, 166 N. Y. 1 (59 N. E. Repr. 716); Fiske v. People, 52 L. R. A. 291; People v. Grout, 179 N. Y. 417 (72 N. E. Repr. 464).

*John Marron,* of *Marron & McGirr,* with him *W. A. Blakeley,* district attorney, for appellee.—The act is constitutional: Hatfield v. Com., 120 Pa. 395; Com. v. Frantz, 135 Pa. 389; Phila. v. Fox, 64 Pa. 169; Atkin v. Kansas, 191 U. S. 207 (24 Sup. Ct. Repr. 124); Com. v. Beatty, 15 Pa. Superior Ct. 5.

OPINION BY ORLADY, J., July 20, 1910:

This defendant was convicted of violating an Act of assembly approved July 26, 1897, P. L. 418, entitled, "An Act to regulate the hours of labor of mechanics, workingmen and laborers in the employ of the State, or municipal corporations therein, or otherwise engaged on public works." A special verdict was returned by the jury, viz.: "The defendant, John F. Casey, on and before December 18, 1908, had a contract with the city of Pittsburg, a municipal corporation of the second class of the commonwealth of Pennsylvania, for the construction of a filtration plant for said city. That in the performance of

the work stipulated under said contract of construction the defendant employed John Maykutt, and other persons being mechanics, workingmen and laborers on said contract, for the construction of said filtration plant, being public work. That in the performance of the public work stipulated in said contract of construction with the city of Pittsburg, the said John F. Casey permitted and caused John Maykutt and others, mechanics, workingmen and laborers employed by him, on said public work, to work and labor on the 18th day of December, 1908, and other days before and since said day, and previous to the finding of this bill, for more than eight hours in the twenty-four hours of said December 18, 1908, and other days, namely for nine and ten hours on said day and other days before and since said day and prior to the finding of this bill." The court below held the facts bound to be sufficient in law to justify the conviction of the defendant of the crime alleged in the indictment, and sentenced him to pay a fine of $50.00 and the costs of prosecution.

The first section of the act provides: "That on and after the passage of this act eight hours out of the twenty-four of each day shall make and constitute a legal day's work for mechanics, workmen and laborers in the employ of the state, or any municipal corporation therein, or otherwise engaged on public works." The second section provides: "This act shall apply to all mechanics, workingmen and laborers now or hereafter employed by the state, or any municipal corporation therein, through its agents or officers, or in the employ of persons contracting with the state or said corporation for the performance of public work, and in all such employment none but citizens of the United States, or aliens who shall have legally declared their intention to become such, who have been residents of the state in which said work is to be done for the six months preceding the date of such employment, shall be employed by the state or any municipal corporation therein, or by any person or persons contracting with the same; and every contract hereafter made for

the performance of public work must comply with the
requirements of this section." Sections 3 and 4 prescribe
the penalties for violations of the act.

It is contended that this statute is unconstitutional in
that it is in violations of secs. 1 and 9 of art. I, and of
secs. 3 and 7 of art. III of the state constitution, as class
legislation and an unjust interference with a mechanic's,
workman's or laborer's liberty to contract. The argument
has taken a wider range than is necessary for a disposi-
tion of the case before us. It is true that the title does not
specifically refer to alien labor and we are not now con-
cerned with that phase of the case, as it is not raised by
this record and need not be considered. We eliminate it
as not being in the question involved, and dispose of the
rest of the act which is not inseparable and may stand
independent of such alleged defect: Smith v. McCarthy,
56 Pa. 359: Hatfield v. Commonwealth, 120 Pa. 395;
Commonwealth v. Norton, 16 Pa. Superior Ct. 423; Com-
monwealth v. Hanley, 15 Pa. Superior Ct. 271; Common-
wealth v. Mintz, 19 Pa. Superior Ct. 283; Commonwealth
v. Martin, 35 Pa. Superior Ct. 241.

This legislation regulates the laws of labor for the em-
ployees of the state, and of the municipal corporations it
has created, and over which it has absolute control, even
to the extent of abolishing them. It does not affect the
hours of labor of employees under private contracts.
Municipal corporations are agents of the state, invested
with certain subordinate governmental functions for rea-
sons of convenience and public policy. They are created,
governed and the extent of their powers determined by
the legislature, and subject to change, repeal and total
abolition at its will. They have no vested rights in their
offices, their charters, their corporate powers, or even
their corporate existence. This is the universal rule of
constitutional law, and in no state has it been more
clearly expressed and uniformly applied than in Pennsyl-
vania. A municipal corporation is merely an agency in-
stituted by the sovereign for the purpose of carrying out

in detail the objects of government, essentially a revocable agency: Commonwealth v. Moir, 199 Pa. 534. Restraints on the legislative power of control must be found in the constitution of the state, or they rest alone in the legislative discretion. If the legislative action operates injuriously on the municipalities or to individuals, the remedy is not with the courts. The courts have no power to interfere, and the people must be looked to, to right through the ballot box all these wrongs: Pittsburg's Petition, 217 Pa. 227.

It is conceded that the construction of a filtration plant of this great city was a public work within the meaning of the act. And it would not be seriously contended that the legislature did not have ample power to regulate the hours of labor of those in the employ of the state in the erection of public buildings provided for by legislative appropriation; and its authority does not stop there, but extends to and controls its subdivisions as well. What the city of Pittsburg could not do in violation of this act it could not by contract enable this appellant to do. The authority which regulates the conduct of a municipal corporation, created, controlled and able to be overthrown entirely by it, had the like power to provide for the punishment of persons who aided the municipal corporation in an evasion of the law.

Commonwealth v. Beatty, 15 Pa. Superior Ct. 5; Commonwealth v. Jones, 4 Pa. Superior Ct. 362; Holden v. Hardy, 169 U. S. 366, furnish ample authority for limiting the hours of labor in certain occupations or in certain classes of labor.

This case stands on distinct and separate argument; here there is no question of infringement upon the right to contract or of a disposition of liberty or property. The act is the declaration of the sovereign power that skilled mechanics and laborers shall work for it and its agents but a specified number of hours in each day. The legislature having the unquestioned authority to declare the terms of its own contracts, it may regulate and control

those made by its agents, and all persons contracting with municipal corporations under such legal disabilities must be presumed to know the extent and limitations upon their authority.

The whole of the defendant's contention is fully answered in Atkin v. Kansas, 191 U. S. 207, where it was announced by the highest authority in the land: "We can imagine no possible ground to dispute the power of the state to declare that no one undertaking to work for it, or for one of its municipal agencies, should permit or require an employee on such work to labor in excess of eight hours each day, and to inflict punishment upon those who are embraced by such regulations and yet disregard them. It cannot be deemed a part of the liberty of any contractor that he be allowed to do public work in any mode he may choose to adopt, without regard to the wishes of the state; on the contrary, it belongs to the state as the guardian and trustee of its people, and having control of its affairs, to prescribe the conditions upon which it will permit public works to be done on its behalf, or on behalf of its municipalities. No employee is entitled of absolute right and as a part of this liberty to perform labor for the state."

The ruling that a state may limit the hours of labor of its employees cannot be disputed, and that a person contracting with it is bound by such a regulation logically follows: Ellis v. U. S., 206 U. S. 246.

There is some conflict of authority in the decisions of other states, but our own are harmonious and lead to but the conclusion that this judgment should be affirmed, and it is so ordered.

MORRISON AND HEAD, JJ., dissent.