## Commonwealth v. Wormser, Appellant.

*Constitutional law—Bill of rights—Fifth Amendment of Constitution of United States—Employment of minors—Night work—Employment certificate—Act of May 13, 1915, P. L. 286—Police power.*

1. In determining the validity of a statute enacted under the police power, the question is, does the regulation subserve a reasonable public purpose. Regulations of the affairs of a state tending to promote such an object are within the clear power of the state and should be upheld.

2. The Constitution of Pennsylvania permits the legislature to enact all laws which are not forbidden by its letter or spirit.

3. A large discretion is necessarily vested in the legislature not only with respect to the welfare of the people but also with respect to the means necessary to promote it.

4. The right of parental control is a natural but not an inalienable one, and the public has a paramount interest in the virtue and knowledge of its citizens, and the business of education belongs to it.

5. The Act of May 13, 1915, P. L. 286, regulating the employment of minors does not contravene the bill of rights of this State or the Fifth Amendment to the Constitution of the United States.

6. The provisions of the Act of 1915 that children under the age of 16 shall not be employed in factories at night is a reasonable exercise of the police power.

7. There is nothing incompatible with personal rights in the regulation that no minor shall be employed to work in any establishment unless an employment certificate has been issued as provided by the Act of 1915.

Argued Oct. 16, 1917. Appeal, No. 161, Oct. T., 1917, by defendant, from judgment of Superior Court, April T., 1917, No. 96, affirming judgment of Q. S. Allegheny Co., No. 816, Commonwealth Docket for year 1916, sustaining summary conviction before a magistrate in case of Commonwealth of Pennsylvania v. Joseph Wormser. Before Brown, C. J., Potter, Moschzisker, Frazer and Walling, JJ. Affirmed.

Appeal from Superior Court.

The facts appear in 67 Pa. Superior Ct. 444, and from the following opinion by the Superior Court:

This proceeding was instituted against the appellant before a magistrate in the City of Pittsburgh, for the violation of Section 4 of the Act of May 13, 1915, P. L. 286, regulating the employment of minors. The defendant was convicted on his own admissions that he had employed a boy under sixteen years of age at the glass factory of which he was manager, before six o'clock in the morning and after eight o'clock in the evening and that he employed the said minor in his establishment

without having procured an employment certificate. He contends on this appeal that he has a right to employ such minor without an employment certificate and in the night time because the act of assembly is unconstitutional. Appeal is made to the bill of rights of this State and to the Fifth Amendment of the Constitution of the United States affirming the freedom of all men and the exemption from liability of any person without due process of law. The act, it is said, deprives the employer and the minor equally of the freedom to contract and to obtain work and is, therefore, forbidden by the Constitution of this State and of the United States. The statute in question was enacted under the general police power of the Commonwealth. Its object is declared to be "to provide for the health, safety and welfare of minors," and it is too clear for discussion that this is an appropriate subject for legislative action not only in the exercise by the Commonwealth of its authority as parens patriæ but also of the inalienable power to enact such laws as promote the health, morals and general welfare of the people. In determining the validity of a statute enacted under the police power the question is, does the regulation subserve a reasonable public purpose. Regulations of the affairs of a state tending to promote such an object are within the clear power of the state and should be upheld. The Constitution of the State permits the legislature to enact all laws which are not forbidden by its letter or spirit. It is necessary, therefore, to point to some provisions of the Constitution which fairly and clearly prohibits the legislation in order to avoid its effect. A large discretion is necessarily vested in the legislature not only with respect to the welfare of the people but also with respect to the means necessary to promote it. In Crouse's Case, 4 Whar. 9, the court held that the right of parental control was a natural but not an inalienable one; that the public had a paramount interest in the virtue and knowledge of its citizens and that of strict right the business of education

belongs to it.  This doctrine has not been departed from as is abundantly shown in the numerous statutes affecting the status not only of children but of adults with respect to hours of labor, the character of the employment and the education of the youth of the Commonwealth.

The principle was fully discussed in Com. v. Beatty, 15 Pa. Superior Ct. 5.  That case involved the constitutionality of the Act of April 29, 1897, P. L. 30, regulating the employment and providing for the health and safety of men, women and children in manufacturing establishments, etc., and the power of the Commonwealth was held to be adequate to enact the legislation under consideration.  The fact that legislation of this character is of comparatively recent origin is not an argument against its validity.  Law is an expanding science and the social order is in a constant process of evolution.  That may become an important subject of legislation in the present condition of society which was ignored or regarded a matter of little consequence in years gone by.  It is too late to contend that reasonable supervision by the State of the time and conditions of service of employees of industrial establishments is a matter resting wholly on the consent of the employer and the employed.  Federal laws and the legislation of perhaps every state of the Union show the trend of modern thought and the popular judgment that the interest of the present and future generations demands such legal supervision as may best promote not only the individual but the general welfare.  What is a reasonable time within which children should be excluded from places of labor is a legislative question.  It can hardly be contended that the State is without authority to protect persons of immature years from exposure to the danger and exhausting toil of factories and nothing has been brought to our attention which leads us to the conclusion that the period fixed by the statute is arbitrary and unreasonable.  It was clearly within the authority

of the legislature to provide that children under the age of sixteen should not be employed in the factories at night at which time their highest mental and physical interests require that they have rest and sleep.

We find nothing incompatible with personal rights in the regulation that no minor shall be employed to work in any establishment unless an employment certificate has been issued as provided by the statute. This legislation has reference to the education of the boys and girls of the Commonwealth who are of school age, and education is a subject with reference to which the Commonwealth has authority to prescribe. It is intimately connected with the good order and welfare of the people and is one of the chief subjects of governmental interest and care. The State having fixed the ages within which minors can work, the right to regulate the reasonable conditions of employment necessarily follows. The general employment certificates were intended to apply to those persons whose proficiency in school had been of such a character that the supplementary education provided for in the statute could take the place of that provided for in the general school system of the State. Such a classification is not unreasonable but on the contrary is well adapted to accomplish the result intended, that is, to permit minors over fourteen years of age whose education is sufficiently advanced to work at industrial employment.

We do not find anything in the provisions of the statute to which the appellant objects which would render it invalid.

The assignments are overruled and the judgment affirmed.

Defendant appealed.

*Error assigned,* among others, was the judgment of the Superior Court.

*Morton Hunter,* for appellant.

1918.]                    Opinion of the Court.

*J. Rogers McCreery,* for appellee.

PER CURIAM, January 7, 1918:

The judgment of the Superior Court is affirmed on its opinion sustaining the action of the court below.