### Com. of Pa. v. Landberg, Appellant.

488

Argued September 26, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADT-FELD and PARKER, JJ.

*Joseph Gross,* for appellant, cited: Bucher v. Commonwealth 103 Pa. 528; State v. Samuels, 144 Mo. 68; People v. Franklin Simon & Co., New York, 191 New York Supp. 122.

*Earl Jay Gratz,* Assistant District Attorney and with him *Charles F. Kelley,* District Attorney, for appellee, cited: Commonwealth v. Norton, 16 Pa. Superior Ct. 423; Commonwealth v. Popp et al., 87 Pa. Superior Ct. 193.

Opinion by Trexler, P. J., November 21, 1932:

Appellant was indicted under the Act of April 3, 1903, P. L. 134, amending the Act of May 2, 1901, P. L. 115, which provides that any person counterfeiting, imitating, using or displaying a counterfeit or imitation of any trademark, label, symbol, or private stamp of any association or union registered in the office of the Secretary of the Commonwealth, or using the same without authority, or placing the same on goods or wares not the products of members of the union shall be guilty of a misdemeanor. The defendant was charged with counterfeiting and using a registered label. He was a candidate for the office of district attorney. He procured and caused to be circulated a number of placards containing his picture, and among other statements the words "endorsed by labor," and a label in the shape of an oval containing the words "Allied Printing" in the upper curve, and the word "Chicago" in the lower, and across the middle "Trades (Union Label) Council 55." The testimony, which the jury believed, disclosed that the defendant received the cooperation of certain men, procured through them a union label and had a duplicate made, and had the placards printed and the label put on by a non-union printer.

The defendant has submitted a number of questions and supplemented them by additional questions, thus occasioning some repetitions and we think all the matters raised by them may be briefly considered without particular reference to each question submitted.

At the outset of the trial, before the jury was sworn, the defendant's counsel moved to quash the indictment because the kind of label used by the defendant was not registered in Pennsylvania, the reason stated being that with the addition of the words "Chicago" and "55," the difference between the label used and what may be called the true label was so manifest that the former could not be considered a counterfeit or imita-

tion of the registered label. It is a novel proposition that because the imitation is not exactly like the original it may be used with impunity. The label registered designedly left space for the insertion of the locality where the label was used. The additional words formed no part of the registered label. It is common knowledge that all branches of the same union employ the same label. Every branch of the union is not required to register the label which has been adopted by the entire union. The addition of the words "Chicago and 55" has no significance, except it may be argued that it might have made detection of the fraud more difficult by conveying the idea that the placard was printed by a Chicago union printer. The court in its charge correctly stated: "The label is the thing that is adopted, with the name of the city, but not limited to any particular city; and it would be a violation of this act, a criminal offense, for any person, the trademark having been adopted and registered, as is conceded, to use that in this Commonwealth in violation of the act, whether the name Philadelphia, or Pittsburgh, or Chicago, or Timbuctoo is placed upon it. To imitate that label or trademark by varying it in a particular manner would none the less be a counterfeit, or imitation of it."

At the trial defendant's counsel stated, "There is no dispute that the Allied Printing Trade Council of Philadelphia have their label registered, in accordance with the act, with the Secretary of the Commonwealth." Notwithstanding this, the argument is now advanced for the first time that the label being registered by the International Allied Trades Association, the local union did not establish its right to use it. The material part of the controversy is whether the registered label was counterfeited or imitated. If the matter of the connection of the local union had been raised at the trial and it would have been considered worthy of notice, the Commonwealth might have amended the

indictment by stating that the International Allied Printing Council had registered the trademark and that the Allied Printers Trade Council of Philadelphia was a constituent member of the union and entitled to use its trademark. The change would have not been material. All that was required in the indictment was to charge the offense substantially in the language of the act describing the instrument counterfeited by name and designation, and its registry: Commonwealth v. Norton, 16 Pa. Superior Ct. 423. In that case the International Cigar Makers Union registered the label and the local union used it.

The defendant argues that the counterfeit label was made by a union engraver. This is of no importance. Who made the die for the printer is of no moment. The use of the union label by a non-union printer, irrespective of who made it, was an unlawful act, and its use by defendant was unlawful.

The motion in arrest of the judgment is not supported by any attack on the record: Commonwealth v. Bateman, 92 Pa. Superior Ct. 53, and cases cited.

The motion for a new trial was properly overruled, it not being based on any exception taken during the trial. With the charge of the court the defendant's counsel was apparently satisfied; he made no complaint and asked for no exception. The alleged indiscretion of the district attorney in using language prejudicial to the defendant in his speech to the jury cannot now be considered as the remarks were not put upon the record as required by our decisions.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.