United Retail Employees of America, Local No. 134, *v.* W. T. Grant Company, Inc., Appellant.

Argued April 8, 1940; reargued January 13, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Robert T. McCracken,* of *Montgomery & McCracken,* and *Eugene M. Foley,* with them *Adolph & Henry Bloch* and *Nicholas Unkovic,* for appellant.

*Claude T. Reno,* Attorney General, with him *J. Charles Short, M. Louise Rutherford,* and *William S. Rial,* Deputy Attorneys General, for appellee.

*Benjamin C. Sigal* and *Lee Pressman,* for interested party.

*M. Herbert Syme,* of *Syme & Simons,* for interested party.

OPINION BY MR. JUSTICE LINN, January 31, 1941:

This appeal is from a decree dismissing exceptions filed by appellant, W. T. Grant Company, Inc., to an order of the Pennsylvania Labor Relations Board, and requiring appellant to cease and desist from interfering, etc., with its employees in its store at New Kensington, Pa., in the exercise of their right to organize and bargain collectively pursuant to section 5 of the Pennsylvania Labor Relations Act, approved June 1, 1937, P. L. 1168, 43 PS § 211.5; from discriminating against employees in consequence of membership in their labor union; requiring appellant to reinstate Edna Pupack in her former position and to reimburse her "for any loss of pay she has suffered by reason of her discharge, by paying to her a sum of money equal to that which she would normally have earned as wages from the date of discharge, September 13, 1937, to the date of the respondent's offer of reinstatement, computed on the basis of $14.30 per week, less any amount earned by her from the date of her discharge; provided, however, if Mrs. Edna Pupack and the respondent fail to agree upon the amount earned by Mrs. Edna Pupack after the date of her discharge, upon petition of either Mrs. Edna Pupack or the respondent, the Court will refer the case

back to the Pennsylvania Labor Relations Board to afford both parties an opportunity to offer proof of the amount Mrs. Edna Pupack earned after her discharge by the respondent."

Appellant challenges the constitutionality of the Act as unreasonable interference with rights of property and freedom of contract: Art. 1, sec. 1, of the Constitution; as depriving appellant of the right to trial by jury: Art. 1, sec. 6; and as special legislation: Art. 3, sec. 7, regulating labor.

A majority of the court agrees that the statute is within the lawful exercise of the police power: *Com. v. Wormser,* 260 Pa. 44, 47, 103 A. 500; *Rohrer v. Milk Control Board,* 322 Pa. 257, 266, 186 A. 336; *Com. v. Stofchek,* 322 Pa. 513, 519, 185 A. 840; cf. *Com. v. Zasloff,* 338 Pa. 457, 460, 13 A. 2d 67; that it is not in violation of the guarantee of trial by jury: *Com. v. Andrews,* 211 Pa. 110, 113, 60 A. 554; *Premier Cereal, etc., Co. v. Pennsylvania Alcohol Permit Board,* 292 Pa. 127, 133, 140 A. 858; compare *N. L. R. B. v. Jones & Laughlin Steel Corp.,* 301 U. S. 1, 48; and that it is general and not special: cf. *Ayars' App.,* 122 Pa. 266, 281, 16 A. 356; *Barnes Laundry Co. v. Pittsburgh,* 266 Pa. 24, 109 A. 535; *Mason-Heflin Coal Co. v. Currie,* 270 Pa. 221, 225, 113 A. 202; *Com. v. Norton,* 16 Pa. Superior Ct. 423; *Com. v. Mecca Cooperative Co.,* 60 Pa. Superior Ct. 314; *Young v. Department of Public Instruction,* 105 Pa. Superior Ct. 153, 160 A. 151.

A majority of the court also agrees that the order appealed from should be affirmed for the reasons stated in the following excerpt from the opinion filed below:

"After careful consideration, the Court is convinced that there was substantial and legally credible evidence to sustain the conclusion of the . . . Board that the W. T. Grant Company, Inc., has discriminated against Mrs. Edna Pupack in regard to tenure of employment; . . . interfered with, restrained, coerced employees in exercising rights guaranteed in Section 5 of the . . .

Act, and . . . discharged Mrs. Edna Pupack . . . for the reason only that she was not only active as a member of the Local No. 134, but that she was the Chairman of the Grievance Committee. The Court is also of the opinion that W. T. Grant Company, Inc., did not discharge Mrs. Edna Pupack because she was not conscientious, that she refused to wait on customers. . . . At one time she had neglected to wait on a customer, but was excused by the manager of the store. . . ."

We must, however, modify the scope of the order. If it appear that Mrs. Pupack was offered appropriate employment and declined it, or otherwise became disqualified from performing the duties of the employment, such facts should be taken into consideration in determining the sum necessary to reimburse her. What Mr. Chief Justice HUGHES said in *Republic Steel Corp. v. Nat'l Labor Relations Board et al.,* 311 U. S. 7 (November 12, 1940), is also true of our Act: "The Act is essentially remedial. It does not carry a penal program declaring the described unfair labor practices to be crimes. The Act does not prescribe penalties or fines in vindication of public rights or provide indemnity against community losses as distinguished from the protection and compensation of employees." In *Phelps Dodge Corp. v. N. L. R. B.,* 113 F. 2d 202, 206 (C. C. A. 2d 1940), it was said: "There is no reason to suppose that Congress intended to have those who had unlawfully been deprived of their jobs maintained in idleness beyond the period when they had an opportunity to do work they were fitted to perform. They were bound to use reasonable efforts to find work and to keep employed." See also the opinion of BIGGS, J., in *Subin v. N. L. R. B.,* 112 F. 2d 326, 331 (C. C. A. 3d 1940).*

Decree affirmed as modified; costs to be paid by the appellant.

---

* For a general discussion on back pay orders, see Note (1939) 48 Yale L. J. 1265.