W. T. Grant Company, Inc., Appellant, v. United Retail Employees of America, Local No. 134.

Argued March 24, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

reargument refused May 26, 1943.

*Eugene M. Foley*, with him *Nicholas Unkovic* and *Reed, Smith, Shaw & McClay*, for appellant.

*Sylvan Libson*, with him *Benjamin C. Sigal*, for appellee.

OPINION BY MR. JUSTICE PARKER, May 10, 1943:

This appeal involves a remedial provision of the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, §8 (c), as amended by Act of June 9, 1939, P. L. 293 (43 PS 211.8 (c)), whereby the Labor Relations Board is authorized in case of unfair labor practice on the part of an employer affecting an employee to order the employee's reinstatement, "with or without back pay, as will effectuate the policies of this act". The board originally ordered the reinstatement of Edna Pupack by W. T. Grant Co., Inc., her employer, and awarded her back pay between the dates of her discharge and reinstatement. On appeal this court affirmed the order with a modification (341 Pa. 70, 17 A. 2d 614). This necessitated a rehearing by the board as to the amount of pay, if any, to which she is entitled. The board again made the same order for wages and the case has again reached this court.

It now appears that Mrs. Pupack has been reinstated but that she earned no deductible wages during the interim. But the appellant insists that there was not substantial and legally credible evidence sufficient to support the findings of fact upon which the order was based. If there is such support the findings are conclusive: §9 (a) & (b) of the Pennsylvania Labor Relations Act (43 PS 211.9 (a) & (b)); *P. L. R. B.* v. *Kaufmann Dept. Stores, Inc.,* 345 Pa. 398, 400, 29 A. 2d 90. The appellant relies solely on the claim that the evidence does not show that Mrs. Pupack made a reasonable effort to secure employment during the three years and five months that she was idle.

We adhere to our pronouncement when the case was here before that our act is essentially remedial, that it "does not prescribe penalties or fines in vindication of public rights or provide indemnity against community losses as distinguished from the protection and compensation of employees": *Republic Steel Corp.* v. *N. L. R. B.,* 311 U. S. 7, 61 S. Ct. 77. It is inimical to the public interests, as declared in the preamble to our act, that those deprived of a particular employment, where such status is due to what is determined to be unlawful conduct on the part of the employer, should be deprived of compensation or wages when the employee by a reasonable effort could have secured employment which he was physically and mentally fitted to perform. If this rule is not followed the purposes of the act will not be fulfilled and the community will suffer. While a considerable discretion has been given the board in that they may award full back pay or none, it is a *legal* discretion that is to be exercised.

The record shows that Mrs. Pupack promptly applied to the appellant for reinstatement, that beginning sometime in January, 1938, she sought employment from others engaged in the lines of business in which she had been formerly employed, that she registered with the Federal Employment Bureau and the state employment office and that she was offered no employ-

ment and found no available employment. The evidence also furnishes reasonable grounds for an inference that her activity in her labor union interfered with her securing employment and perhaps discouraged her in her efforts to do so.

As we held in our former opinion, it was not the intention of the legislature that one who is deprived unlawfully of his employment should be maintained in idleness when he has an opportunity to do work for which he is fitted. The employee is bound to use reasonable efforts to find work and keep employed. This is the same rule that is applied to a discharged employee who sues for a breach of contract. Our conclusion is in harmony with the declared purpose of the act to protect the public welfare and prosperity of the people of the commonwealth by reducing unemployment and avoiding depressions. A majority of the court are of the opinion that the evidence is sufficient to sustain a finding that Mrs. Pupack was entitled to wages at the rate she had formerly been paid from about the middle of January, 1938, to the date of her reinstatement. While she did not present a strong case, she was not alone in this respect. Her employer offered no evidence showing what positions were available, the condition of the labor market in the community in which she lived or the kinds of employment to which she was adapted other than that she had done some house work before she was married.

There is, however, not any evidence that she made the slightest effort to secure employment of any kind prior to an indefinite date in January, 1938. In that respect she was at fault and is not entitled to wages from the time of her discharge to that date, a period of seventeen weeks. She was allowed compensation at the rate of $14.30 per week, her former wage, and the award must therefore be reduced in the sum of $243.10.

The record is remitted to the court below to the end that the award heretofore made be reduced in the sum of $243.10 and as so modified the decree is affirmed at the costs of the appellant.