## Fire Prevention Inspection

FRANK P. LAWLEY, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, March 17, 1958.—You have requested an opinion as to the interpretation of the Act of April 27, 1927, P. L. 450, as amended, 35 PS §§1181 to 1194, as it relates to the authority of the Fire Marshal of the Pennsylvania State Police in enforcing the provisions of the act. In particular, you request an opinion as to whether the Bureau of Fire Protection can legally exercise jurisdiction over occupied dwellings owned by the occupant or by any other individual which may be a fire menace or hazard to the occupants thereof or to adjacent property located within 75 feet of such menace or hazard and whether the fire marshal or other members of the Pennsylvania State Police Force can legally inspect such occupied dwellings without permission of the occupants.

Preliminarily, it must be noted that the Constitutions of both the United States and the Commonwealth of Pennsylvania guarantee freedom from "unreasonable searches and seizures".

Article I, sec. 8, of the Pennsylvania Constitution provides:

"The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable

cause, supported by oath or affirmation subscribed to by the affiant."

The Fourth Amendment to the United States Constitution guarantees similar protections through the operation of the Fourteenth Amendment.

Statutory authority giving the Pennsylvania State Police Force the right to inspect buildings and order the removal of dangerous conditions is found in sections 3(a) and 4 of the Act of April 27, 1927, supra.

Section 3(a), 35 PS §1183(a) provides:

"The Pennsylvania State Police, or its assistants, upon the complaint of any person, or whenever it or they shall deem it necessary, shall inspect the buildings and premises within their jurisdiction. Whenever any of the said officers shall find any buildings or structures which, for want of repairs or by reason of age or dilapidated condition or accumulation of waste, rubbish, debris, explosive or inflammable substance in any buildings or on premises, constituting a fire menace or hazard, or for any other cause, making it especially liable to fire, and endangering property, and so situated as to endanger other property, it or they shall order the same to be removed or remedied, if the same is reasonably practicable, thereby lessening the danger of fire. Whenever such officer shall find, in any building, combustible or explosive matter, or inflammable conditions, which are in violation of any law or ordinance applicable thereto, or are dangerous to the safety of such buildings, thereby endangering other property, it or they shall order the same to be removed or remedied, and such order shall contain a notice that an appeal therefrom may be taken, and shall forthwith be complied with by the owner or occupant of such premises or buildings."

Section 4, 35 PS §1184, provides in part:

"The Pennsylvania State Police or its assistants may, at all reasonable hours, enter any building or

premises within its or their jurisdiction for the purpose of making an inspection, which, under the provisions of this act, it or they may deem necessary to be made."

Subject to the constitutional prohibition against unreasonable searches and seizures, hereinafter discussed, the above quoted sections authorize the Pennsylvania State Police to inspect at reasonable hours all buildings and premises located within the Commonwealth upon complaint of any person or *whenever it shall deem it necessary*. Whenever conditions exist which create a danger of fire, the Pennsylvania State Police are authorized to order the same to be removed or remedied, if reasonably practicable. The section in no way limits the investigative jurisdiction of the Pennsylvania State Police, the fire marshal or the Bureau of Fire Protection to situations wherein the permission of occupants to make an inspection be first obtained.

The act in question is an exercise of the police power of the Commonwealth for the protection of the health, safety and property of the citizens thereof. In Commonwealth v. Pennsylvania Canal Co., 66 Pa. 41 (1870), the Supreme Court of Pennsylvania referred to the police power as "nothing more than the authority to compel all owners of property so to use it as not to injure others". An exercise of the police power is valid when it is reasonable and there exists a reasonable connection with the public welfare: Commonwealth v. Wormser, 260 Pa. 44, 103 Atl. 500 (1918). The Act of 1927, supra, seeks to protect the citizens of the Commonwealth from the maintenance of fire menaces and hazards which endanger the safety of property whereon a particular fire menace or hazard is located or of other property. Clearly, the objective of lessening the danger of fire is substantially related to the interests of the public health, safety and welfare. The act, there-

fore, appears to be a reasonable exercise of the police power which does not violate the prohibition against unreasonable searches and seizures found in article I, sec. 8, of the Pennsylvania Constitution.

This does not mean that the Act of 1927, supra, gives the Pennsylvania State Police Force a carte blanche to conduct "inspections". That is, the State Police Force cannot use this act as a vehicle to search a dwelling or other building for stolen property or other contraband.* The purpose of the act is to prevent a fire menace. So long as the inspection is confined to the purposes of the act and is based upon probable cause that conditions exist which constitute the building or structure a fire menace, the inspection would not violate the constitutional prohibition. As to what is probable cause, no all-inclusive definition has ever been formulated by any of the cases: 79 C. J. S. 863, §74b. Whether there is probable cause in any given case which would warrant an inspection depends upon the existence of such facts and circumstances as would instill an honest belief in a reasonable mind that the conditions set forth in the act do exist. Probable cause must be found to exist before the State Police Force may act upon the complaint of another person or may itself "deem the inspection necessary".

It is, therefore, our opinion and you are accordingly advised that the Pennsylvania State Police, including the Bureau of Fire Protection, under the specific conditions above set forth, has the power to inspect all buildings or premises located within the Commonwealth, without first obtaining permission of the occupants thereof, for the purpose of enforcing the provisions of the Act of April 27, 1927, P. L. 450, as amended. In those instances where the owner or

---

* A search or inspection for such purposes must be made in accordance with the provisions of statutes relating thereto.

occupants of the premises refuse access to an inspecting officer, a search warrant should be obtained, unless there are circumstances of peculiar emergency (such as a fire next door) which require the inspection without the warrant.