# Commonwealth *v.* Mecca Cooperative Co., Appellant.

*Constitutional law—Bill of rights—Trial by jury—Police power —Special legislation—Fourteenth Amendment of the Constitution of the United States—Act of July 25, 1913, P. L. 1024—Employment of female minors.*

Section 17 of the Act of July 25, 1913, P. L. 1024, does not violate Article I, Sections 8 and 9, of the Constitution of Pennsylvania.

Sections 3 and 5 of the Act of July 25, 1913, P. L. 1024, do not violate Article III, Section 7, of the Constitution of Pennsylvania, nor the 14th Amendment of the Constitution of the United States.

*Justice of the peace—Record—Judgment—Employment of female labor—Act of July 25, 1913, P. L. 1024.*

Where a judgment of a justice of the peace for a violation of the Female Employment Act of July 25, 1913, P. L. 1024, shows on its face that a minor female was employed in violation of the act, the judgment will not be reversed because the record does not

show the day, month or year when the act was violated, nor because it does not show the sections of the act violated, nor because it fails to show what the business of the defendant was.

Argued Oct. 16, 1914.  Appeal, No. 272, Oct. T., 1914, by defendant, from order of C. P. No. 3, Philadelphia Co., March T., 1914, No. 2640, affirming judgment of justice of the peace.  Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.  Affirmed.

Certiorari from judgment of justice of the peace.

McMICHAEL, P. J., filed the opinion of the court.

On March 6, 1914, a summons was issued, returnable March 13, 1914, between the hours of 10 o'clock a. m. and 11 o'clock a. m.; served on the defendant by giving to I. C. Shalkop, President, a true and attested copy of the original summons and informing him of the contents thereof.  On March 13, 1914, parties present, Samuel Atmore, who was sworn for the plaintiff.  The plaintiff claims $45 penalty for violation of the Act of Assembly July 25, 1913, by causing a female minor under 21 years of age to be employed for more than fifty-four hours in any one week and after 9 o'clock p. m., and not having posted a schedule of hours, contrary to the law subsequent to November 1, 1913, at an establishment in County of Philadelphia.  Rose McFadden, 412 Locust avenue, Germantown, sworn for plaintiff.  After hearing proofs and allegations, judgment publicly given for plaintiff for $45 and cost of suit for violation of sections 3a, 5 and 13 of said act.

The defendant appealed.

This appears by the certificate of William Eisenbrown, magistrate of court No. 6.

The exceptions upon certiorari to the record of William Eisenbrown, magistrate of court No. 6, were as follows:

1. Section 17 of the Act of July 25, 1913, P. L. 1024,

Opinion of Court below. [60 Pa. Superior Ct.

violates Article I, Section 8, of the Constitution of Pennsylvania.

2. Section 17 of the Act of July 25, 1913, P. L. 1024, violates Article I, Section 9, of the Constitution of Pennsylvania.

3. Section 3 of the Act of July 25, 1913, P. L. 1024, violates Article III, Section 7, of the Constitution of Pennsylvania.

4. Section 5 of the Act of July 25, 1913, P. L. 1024, violates Article III, Section 7, of the Constitution of Pennsylvania.

5. Sections 3 and 5 of the Act of July 25, 1913, P. L. 1024, are in violation of the Fourteenth Amendment to the Constitution of the United State in that they deny to the defendant the equal protection of the law.

6. The magistrate's record fails to show any day, month or year when the act of assembly was violated.

7. The magistrate's record fails to show what sections of the Act of July 25, 1913, P. L. 1024, were violated.

8. The magistrate's record fails to show what business the defendant was engaged in.

9. The magistrate's record fails to show for which of the three alleged violations of the act the penalty is imposed.

10. Section 17 of the Act of July 25, 1913, P. L. 1024, violates Article I, Section 10, of the Constitution of Pennsylvania.

We will take up these exceptions seriatim. The first exception is that Section 17 of the Act of July 25, 1913, violates Article I, Section 8, of the Constitution of Pennsylvania. This section reads as follows: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person, or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant." We do not think that there is anything in the record certified by the

magistrate which shows that Article I, Section 8, of the Constitution of Pennsylvania was violated. This section of the Constitution has reference to the issuance of warrants in criminal proceedings, and was intended to guard against the abuse of warrants. The record in the case before us does not show the issuance of a warrant, but a service of summons.

The second exception is that Section 17 of the Act of July 25, 1913, violates Article I, Section 9, of the Constitution of Pennsylvania. This section is as follows: "In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land." There is nothing here to show that the rights of the accused were denied, but it is argued that, as the offense is described as a misdemeanor, the process by summons instead of by warrant was unconstitutional; and, second, that the defendant was enititled to a trial by jury. As was said by Judge STAPLES, in Luckey's App., 15 Pa. Dist. Reps. 381: "It is a well-settled rule that legislation that affects the remedy merely and does not deny the right is not open to objection upon constitutional grounds"; and we might dispose of this exception upon this ground alone. But we think it is within the power of the legislature to prescribe this method of process instead of an arrest by warrant. It is evident that corporations cannot be brought into court by arrest under a warrant; and to hold that a process by summons is unconstitutional would defeat the act as to corporations. The section of the act applies also to individuals; but we can find nothing in the Con-

stitution to prevent the use of process in the nature of summons in cases of offenses such as described in the act.

The second objection is met by the decisions of Pennsylvania, beginning with Van Swartow v. The Commonwealth, 24 Pa. 131, and running down to the School District v. Pitts., et al., 184 Pa. 156. In Van Swartow v. The Commonwealth, it was held that "There is nothing to forbid the legislature from creating a new offense and prescribing what mode they please of ascertaining the guilt of those who are charged with it." In the School District v. Pitts., et al., supra, Mr. Chief Justice STERRETT, delivering the opinion of the court, said: "The right to trial by jury is not guaranteed by the Constitution in every case. The language of Section 6 of Article I is: 'Trial by jury shall be as heretofore and the right thereof remain inviolate.' In Moore v. Houston, 3 S. & R. 169, an act providing for fines inflicted for breach of military duty, without right to trial by jury, was adjudged constitutional. So, also, trial of contested elections by the court: Ewing v. Filley, 43 Pa. 384, and summary convictions: Byers v. Com., 42 Pa. 89. See also Rhines v. Clark, 51 Pa. 96; Haines v. Levin, 51 Pa. 412." Byers v. The Commonwealth, 42 Pa. 89, held: "1. The constitutional provisions relative to trial by jury were intended to preserve that right as it existed at the formation of our State government, and not to increase or extend it, and must be construed with reference to the statutes that were in force in England, and in the province of Pennsylvania, at the adoption of the first Constitution of the State. 2. The Act of March 13, 1862, authorizing the arrest of professional thieves, burglars, etc., in the City of Philadelphia, and their commitment to prison by the mayor or public magistrate of the central station, is not in conflict with the constitutional right of trial by jury, nor prohibited by the ninth section of the bill of rights. 3. A conviction by a magistrate under this act, which, in describing the offense, follows the words of the statute, and sets out the fact that the charge was satisfactorily

proven, is neither illegal nor void." The opinion of the Supreme Court in that case was delivered by Mr. Justice Strong, and the whole subject is examined, special attention being called to the provision of our first Constitution, that of 1776, which declared that "trials by jury shall be as heretofore." The Constitution of 1790 and the amended one of 1838 adopted substantially the same provision. Their language was: "Trial by jury shall be as heretofore, and the right thereof remain inviolate." The opinion then calls attention to the fact that even in England summary convictions were permitted in certain cases. In Commonwealth v. Waldman, 140 Pa. 89, it was decided that "the summary proceeding prescribed by the Sunday law of April 22, 1794, 3 Sm. L. 177, for the trial of persons charged with the violation thereof, is not in conflict with Article I, Section 9, of the Constitution, guaranteeing the accused, 'in prosecutions by indictment or information,' a speedy trial by jury." ·

· · The third and fourth exceptions to the record are that Sections 3 and 5 of the Act of July 25, 1913, violate Article III, Section 7, of the Constitution of Pennsylvania. Sections 3 and 5 of the Act of July 25, 1913, are substantially the same as Section 1 of the Act of Assembly approved April 29, 1897, P. L. 30, which reads as follows: "Section 1. That any minor, male or female, or adult woman shall be employed at labor or detained in any manufacturing establishment, mercantile industry, laundry, workshop, renovating works or printing office for a longer period than twelve hours in any day, nor for a longer period than sixty hours in any week." The constitutionality of this section was upheld by Judge Biddle, of the Court of Common Pleas No. 1 of Philadelphia County, in the case of Commonwealth v. Beatty, which was affirmed: 15 Pa. Superior Ct. 5. The Superior Court, in a comprehensive and clear opinion delivered by Orlady, J., held that the Employers' Act of 1897 was constitutional and within the police power of the State; that it was not a violation of Article I, Section 1, of the

Constitution, as unjustly interfering with an adult female's right of acquiring and possessing property, nor of Article III, Section 7, in that it is a special law regulating labor; that the act is a proper exercise of the inherent police power of government vested in the legislature, to make such laws as they shall judge to be for the good of the Commonwealth; that the length of time a laborer shall be subjected to the exhaustive exertion of physical labor is as clearly within the legislative control as is the governmental inspection of boilers, etc., to avoid accidents, or of the sanitary conditions of factories and the like to preserve the health of laborers; that in the exercise of its police power the State may enact laws in the interest of public morals, and to protect the lives, health and safety of persons following specified callings, and may thus indirectly interfere with the freedom of contract." It was also held that, "Class legislation, discriminating against some and favoring others, is prohibited; but legislation which, in carrying out a public purpose, is limited in its application, if within the sphere of operation, and which affects all persons similarly situated, is not within the Fourteenth Amendment. The Act of 1897 cannot be said to be a local or special law 'regulating labor, trade, mining or manufacturing,' in violation of Article III, Section 7."

The fifth exception is that "Sections 3 and 5 of the Act of July 25, 1913, P. L. 1024, are in violation of the Fourteenth Amendment to the Constitution of the United States in that they deny to the defendant the equal protection of the law." We think this exception is ruled by Commonwealth v. Beatty, supra.

The sixth exception is that "the magistrate's record fails to show any day, month or year when the act of assembly was violated." In Commonwealth v. Challis, 8 Pa. Superior Ct. 130, the court said: "A re-examination of the record satisfies us that the conviction was properly sustained. We are not disposed to scrutinize the records of justices of the peace with hypercritical nicety in order

to discover technical defects upon which to defeat their judgments. Where it appears, in substance, that the justice had jurisdiction of the cause of action and of the parties, their judgments will be sustained regardless of the want of technical form in the proceedings."

The seventh exception is that "the magistrate's record. fails to show what sections of the Act of July 25, 1913, P. L. 1024, were violated." The violations complained of are set forth in the magistrate's record, and that portion of the record reciting the charge against the defendant adds: "In violation of sections 3a, 5 and 13 of said act." In Garman v. Gamble, 10 Watts, 382, the Supreme Court said: "The evident meaning of the legislature is that, if on trial before the justice in the action of debt for the penalty, the defendant should be proved to be guilty of the offense, the justice should give judgment for the penalty of $5. They designed, by giving a civil remedy, to avoid all technicalities, and for this reason they have directed that the fine shall be recovered as debts of equal amount are by law recoverable. It is not, it is true, said in so many words that the defendant was convicted of the offense, but this is substantially found in giving judgment for the penalty." In Commonwealth v. Nichols, 38 Superior Ct. 504, the judgment of the Common Pleas of Bradford County, sustaining a judgment of a justice of the peace, was affirmed. The court, in per curiam opinion, said: "We agree with the learned judge below that, although the information did not specify the act and the section thereof alleged to have been violated, it sufficiently charged a violation of that clause of the eleventh section, the Act of May 29, 1901, P. L. 302, which reads: ".......This being so, and the record of the justice showing that he adjudged the defendant to be guilty of the offense charged against him in the information, the defendant has no cause to complain because he was adjudged to pay the fine of $25 prescribed by the eleventh section.'"

The eighth exception is that "the magistrate's record

fails to show what business the defendant was engaged in." We are of opinion that, as the record sets out that the defendant was charged with employing a female minor contrary to the provisions of the act of assembly approved July 25th, 1913, the record of the magistrate is not defective.

The ninth exception is that "the magistrate's record fails to show for which of the three alleged violations of the act the penalty is imposed." We are of opinion that the magistrate's record is sufficient, for it sets forth that judgment was entered for violation of sections 3a, 5 and 13 of said act; and an examination of the act indicates that the penalty imposed was one authorized by the act.

The tenth exception to the record is that "Section 17 of the Act of July 25, 1913, P. L. 1024, violates Article I, Section 10, of the Constitution of Pennsylvania." This section provides as follows: "No person shall, for any indictable offense, be proceeded against criminally by information except in cases arising in the land or naval forces, or in the militia, when in actual service, in time of war or public danger, or by leave of the court for oppression or misdemeanor in office. No person shall, for the same offense, be twice put in jeopardy of life or limb, nor shall private property be taken or applied to public use, without authority of law and without just compensation being first made or secured." The proceeding here is not by information.

We have disposed of each of the exceptions seriatim, but the defendant argues that the whole act is unconstitutional, because, he says, the legislature, while making a pretense of general legislation, without reason singles out several classes of persons and exempts them from the act. We think, however, that this was within the police power of the legislature; that they had a right to exempt females engaged in canning fruit and vegetable products, nurses in hospitals and females over 18 employed as telephone operators, if in their judgment the employment of such operatives was not prejudicial to the

health of the community.   In Commonwealth v. Beatty, supra, the court said: "It is a matter of history in our State that this act of assembly is the result of extended legislative. examination into the management of our varied industrial institutions, which has been conducted by legislative committees, and through our factory and mine inspection bureaus.   It is one of a system which has developed in proportion to the growth and prosperity of the State, and when we consider that nearly a million of laborers, men, women and minors, are employed in the industries mentioned in the title of this act, it is apparent that legislation to regulate their employment and provide for their health and safety is an imperative necessity.   By Section 2 of the Act of April 21, 1849, P. L. 671, labor performed during a period of ten hours on any secular day in all cotton, woolen, silk, paper, bagging and flax factories shall be considered a legal day's labor; and by a supplement to that Act of May 7, 1855, P. L. 472, no male or female operators under the age of 21 years can be employed under any contract in these manufactories for a longer period than sixty hours in any one week or more than an average of ten hours in a day during the same period.   A progressive step was taken by the Act of June 3, 1893, P. L. 276, by which a new department of the State government was created, namely that of factory inspector.   By this act all employers of women or children, or either, in any factory, manufactory, mercantile establishment, renovating works or laundry are required to post and keep posted a notice, stating the number of hours per day for each day of the week required of such persons; and the inspector was given visitorial powers over factories, workshops and other establishments employing women and children, and was directed to make report of the number of hands employed in each, with the maximum number of hours of work performed each week.   With the light given by the results of the previous legislation on this important subject, the act under consideration was enacted."

324 COM. *v.* MECCA COOPERATIVE CO., Appellant.

Assignment of Error—Opinion of the Court. [60 Pa. Superior Ct.

This disposes of all the exceptions, and they are dismissed and judgment affirmed.

*Error assigned* was the judgment of the court.

*George J. Edwards, Jr.,* for appellant.—The prosecution by summons of a misdemeanor punishable by fine and imprisonment is unconstitutional: Com. v. Foster, 28 Pa. Superior Ct. 400.

Sections 3 and 5 of the Act of July 25, 1913, P. L. 1024, are unconstitutional as special legislation, violating both the State and Federal Constitutions: Com. v. Beatty, 15 Pa. Superior Ct. 5; Com. v. Zacharias, 3 Pa. Superior Ct. 264; Wood v. Philadelphia, 46 Pa. Superior Ct. 573; Com. v. Clark, 14 Pa. Superior Ct. 435; Sayre Borough v. Phillips, 148 Pa. 482; Collett v. Scott, 30 Pa. Superior Ct. 430; Ruan Street, 132 Pa. 257.

The record is wholly deficient in facts to sustain the judgment: Com. v. Borden, 61 Pa. 272; Ott v. Jordan, 116 Pa. 218; Com. v. Gelbert, 170 Pa. 426; Com. v. Phelps, 170 Pa. 430.

*Howard B. Lewis,* for Commissioner of Labor and Industry, and *John Monaghan,* for District Attorney, appellees.—The prosecution by summons of a misdemeanor punishable by fine and imprisonment, is not unconstitutional: Wakely v. Hart, 6 Binn. 315.

Sections 3 and 5 of the Act of July 25, 1913, P. L. 1024, are not unconstitutional, as special legislation violating both the State and the Federal Constitution: Ayar's App., 122 Pa. 266; Com. v. Clark, 14 Pa. Superior Ct. 435.

OPINION BY ORLADY, J., July 21, 1915:

The ten assignments of error presented for our consideration are duplicates of the exceptions argued before the court below, and are so conclusively answered in the opinion filed by Judge McMICHAEL, that the judgment is affirmed.