## Mountain, Appellant, v. Commonwealth.

*Criminal law — Assault and battery — School teacher — Cruel punishment—Misdemeanor—Act of June 11, 1879, P. L. 142—Justice of the peace.*

A justice of the peace has no jurisdiction summarily to convict a school teacher charged with "unnecessary cruel punishment" of a pupil.

So much of the Act of June 11, 1879, P. L. 142, entitled "An act to protect children from neglect and cruelty and relating to their employment, protection and adoption," as may be applicable to the case of a teacher who unreasonably punishes a pupil, is a reënactment of the existing law, which from the foundation of the Commonwealth has declared the offense to be a misdemeanor triable before a jury of twelve.

Argued April 16, 1916. Appeal, No. 27, March T., 1907, by plaintiff, from order of C. P. Fayette Co., March T., 1914, No. 185, quashing writ of certiorari in case of Iva Mountain v. Commonwealth of Pennsylvania. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Certiorari to justice of the peace. Before VAN SWEARINGEN, P. J.

The facts are stated in the opinion of the Superior Court.

100, (1917).] Assignment of Error—Opinion of the Court.

*Error assigned* was the order of the court quashing the writ of certiorari.

*E. C. Higbee,* of *Sterling, Higbee & Matthews* and *H. George May,* for appellant.—The justice had no jurisdiction: Com. v. Seed, 5 Clark 78; Com. v. Blaker, 1 Brewster 311; Com. v. Ebert, 11 D. R. 199; Van Swartow v. Com., 24 Pa. 131; Com. v. Saal, 10 Philadelphia 496.

No printed brief for appellee.

OPINION BY HENDERSON, J., October 8, 1917:

A prosecution was instituted before a justice of the peace of Fayette County against the appellant for a violation of the Act of June 11, 1879, P. L. 142, entitled "An Act to protect children from neglect and cruelty and relating to their employment, protection and adoption." The defendant was a school teacher in the county, and the specific charge was, that as such school teacher she inflicted "unnecessary cruel punishment" on Perrin Barger, a son of the prosecutor, aged sixteen years. The offenses against which the statute are directed are declared to be misdemeanors punishable by any justice of the peace, magistrate or court of record. The justice before whom the complaint was made proceeded to hear the case and at the conclusion of the evidence convicted the defendant of whipping and inflicting "unnecessary cruel punishment" on the pupil. After the judgment was entered the defendant made application to the Court of Common Pleas for a writ of certiorari to remove the proceedings for review, which petition was granted on December 31, 1913, returnable on the first Monday of March, 1914. On the 24th day of February, 1914, counsel for the Commonwealth filed a motion to quash the writ of certiorari on the ground that the petition did not set forth a sufficient reason for issuing it. Judgment of non pros. was also entered by the prothono-

tary on March 17, 1914, for failure on the part of the appellant to file exceptions within five days after notice of the return of the writ of certiorari. A motion to strike off this judgment was entered but was not disposed of by the court for the reason that in considering the motion to quash the writ, the court deemed the petition to be insufficient on the ground that no valid cause of the complaint was set forth; and for that reason the rule to quash was made absolute. From that order this appeal was taken. It was set forth in the petition for the writ that the offense charged in the complaint tried by the magistrate was a misdemeanor of which the magistrate had not jurisdiction and which was triable exclusively in the Court of Quarter Sessions; and the question for our consideration is whether the charge against the defendant was within the jurisdiction of the magistrate. The Act of 1879 under which the case proceeded defines numerous offenses all of which are declared to be misdemeanors, one of which is the inflicting unnecessary cruel punishment upon any infant or minor child, and it is this particular provision on which the prosecution was instituted. The position taken by the appellant is that the act charged was a misdemeanor at common law and under the Crimes Act of 1860 that it was an assault and battery, and triable only in the Court of Quarter Sessions before a jury of twelve. If the statute was intended to cover the case of a teacher who unreasonably punished a pupil, it merely reënacted the prohibition against assault and battery, for the law is that a teacher who unreasonably punishes a pupil is guilty of that offense. In so far as it is legislation relating to assault and battery it prescribes a new form of trial without a jury for an offense which is not only a misdemeanor at common law and under the Act of 1860, but is expressly declared to be a misdemeanor in the Act of 1879. The Declaration of Rights provides that trial by jury shall be as heretofore, and the right thereof remain inviolate. The act of

which the appellant was accused was indictable and triable in the Court of Quarter Sessions at the time of the founding of the Commonwealth and under all of our Constitutions. The change of the name of the offense does not affect the constitutional right of the accused to a trial by jury. There can be no doubt that prior to the adoption of the Act of 1879 the defendant could have been indicted for assault and battery from the facts alleged in the complaint against her, and on such a charge she would have been entitled to a trial by a jury of twelve men. This right could not be taken away by a statute vesting jurisdiction in a justice of the peace to try and sentence persons so accused. The subject is well considered in an opinion by Judge TRUNKEY in Com. v. Saal, 10 Philadelphia Rep. 496. There is no authority in the legislature to prescribe a different mode of trial without the consent of the accused. It might well be contended that if the offense charged is new to the law of the Commonwealth, it is still an indictable offense because a misdemeanor. Misdemeanors comprehend all indictable offenses which do not amount to felonies. When, therefore, the legislature declares an act a misdemeanor, it says in effect that such an act is an indictable offense: Son v. The People, 12 Wend. 344; State v. Hunter, 67 Ala. 81. But it is unnecessary to dispose of the case on this view of it. We think it clear that so much of the statute as may be applicable to the case of a teacher who unreasonably punishes a pupil is a reënactment of existing law, which from the foundation of the Commonwealth has declared the offense to be a misdemeanor triable before a jury of twelve. The case of Com. v. Mecca Coöperative Co., 60 Pa. Superior Ct. 314, to which the learned judge refers, was a suit for penalty and the proceeding was by summons. The question of the right of the defendant in a charge of committing a misdemeanor to a trial by jury is not involved. The learned judge was in error in striking off the appeal.

The judgment is, therefore, reversed, the case reinstated, and the record remitted to the court below for further proceedings.