## Allen *v.* Commonwealth, Appellant.

*Criminal law—Cruelty to animals—Act of March 29, 1869, P. L. 22—Constitutionality—Misdemeanor—Indictable offense.*

The Act of March 29, 1869, P. L. 22, defining the crime of cruelty to animals and providing the method of procedure thereunder is constitutional.

The offense of cruelty to animals, as defined in the act, being a new offense, was not indictable at common law, and it was entirely competent for the legislature, in creating the offense, to determine the mode in which the guilt or innocence of one charged should be determined. The use of the word "misdemeanor," in the act, does not necessarily mean that the crime defined was an offense indictable at common law. The law of Pennsylvania does not attach to the legislative use of the word misdemeanor such an exclusive meaning that it may not include, if the legislature so wills, petty offenses which may properly be tried before a subordinate magistrate.

KELLER, J., dissents.

Argued April 21, 1921. Appeal, No. 58, April T., 1921, by Commonwealth, from order of C. P. Fayette Co., March T., 1918, No. 346, on certiorari from judgment of justice of the peace in the case of Common-

wealth of Pennsylvania ex rel. Jacob Swoger, Prosecutor, v. James W. Allen.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Reversed.

Certiorari from judgment of justice of the peace.  Before VAN SWEARINGEN, P. J.

The facts are stated in the opinion of the Superior Court.

The court sustained the exception and reversed the judgment of conviction and discharged the defendant. Commonwealth appealed.

*Error assigned* was the judgment of the court.

*H. E. Hackney,* and with him *Henry G. Wasson* and *William A. Miller,* District Attorney, for appellant.— Cruelty to animals was not an indictable offense at common law and the Act of May 29, 1869, P. L. 22, does not deprive the defendant of any right to trial by jury to which he was entitled under the Constitution of Pennsylvania: VanSwartow v. Com., 24 Pa. 131; Wynkoop v. Cooch, 89 Pa. 450; Note in 48 Am. Dec. 186; Byers, etc., v. Com., 42 Pa. 89; Haines v. Levin, 51 Pa. 412; 16 R. C. L. 194, section 14; Com. v. Berella, 49 Pa. C. C. 377.

The constitutional provision in regard to trial by jury was not intended to contract or restrict the power of the legislature to provide for summary convictions for other and new offenses: Wynkoop v. Cooch, 89 Pa. 450; Haines v. Levin, 51 Pa. 412; 16 R. C. L. 194, section 14; VanSwartow v. Com., 24 Pa. 131; Byers, etc., v. Com., 42 Pa. 89; Rhines v. Clark, 51 Pa. 96; Com. v. Waldman, 140 Pa. 89; Com. v. Andrews, 24 Pa. Superior Ct. 571; 16 R. C. L. 207, section 25; Com. v. Kieffer, 44 Pa. C. C. 409.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* for appellee, cited: Lehigh County v. Schock, 113 Pa. 373; Mountain v. Com., 68 Pa. Superior Ct. 100.

OPINION BY HEAD, J., July 14, 1921:

An information was lodged before a justice of the peace charging the defendant therein named, present appellee, with the offense of cruelty to animals under the provisions of the Act of 29th March, 1869, P. L. 22. After a hearing the magistrate, following the procedure provided in section 1 of the statute, adjudged the defendant guilty of the offense charged and sentenced him to pay a fine of ten dollars and costs. The record was brought into the court of common pleas by a writ of certiorari. After a hearing on the exceptions filed to the record, the court below held that the Act of 1869, supra, was unconstitutional because it provided a method of trial otherwise than by indictment in the court of quarter sessions. From that judgment this appeal was taken.

If the conclusion of the court below can be supported, it must be upon one of three grounds, namely: 1. The Act of 1869 was but declaratory of the common law. The offense of cruelty to animals was the proper subject of an indictment at common law and the person charged was entitled to the right of trial by jury. Our statute therefore could not deprive him of that right. 2. If, however, the Act of 1869 created a new offense, not indictable at common law, the legislature declared that one committing the newly created offense should be deemed guilty of a misdemeanor. The use of that word irrevocably fixed the legislative intent to be the creation of an indictable offense. No matter how plainly the actual intent of the legislature is expressed in section 1, the word misdemeanor so controls all of the other words used that they become impotent and meaningless. 3. The doctrine expressed in the words stare decisis requires us to hold that the case at bar is ruled by our own case of Mountain v. Com., 68 Pa. Superior Ct. 100.

1. We may concede there can be found in the utterances of some courts and text-writers general expressions pointing to the conclusion that the offense we now know as "cruelty to animals" might have been indictable at common law; but it appears to us that conclusion is not well supported and we can find no decision in any way binding upon the courts of Pennsylvania to uphold the contention. Mr. Bishop, in his work on "New Criminal Law," section 594 et seq., declares that no such offense as cruelty to animals was cognizable by the courts at common law. He notes two apparent exceptions to this general declaration which, he says, have probably furnished the reason for a few statements that the offense named was indictable at common law. The first of these was where the act of cruelty was of such character as to indicate a malicious intent towards the owner of the animal and would therefore support an indictment for malicious mischief. The other was where the alleged acts of cruelty were so publicly performed as to constitute a public nuisance and support an indictment for that offense. Thus in these two instances only might alleged acts of cruelty become indirectly cognizable at the common law. We adopt this as a correct statement of the common law on the subject. Our statute then has created a new offense that was not indictable at the common law and we may therefore start with the proposition that it was competent for the legislature to prescribe the procedure in which a person charged with the commission of that offense should be tried and his guilt or innocence determined.

2. The statute declares "That any person who shall wantonly or cruelly illtreat.......any animal....... shall be deemed guilty of a misdemeanor, and on being convicted thereof, before any magistrate, shall be fined by the said magistrate," etc. If we keep before us all of the language used by the legislature in section 1 of the statute, there is left but little room for doubt that the

actual legislative intent was to create a petty offense to be tried before a subordinate magistrate, the punishment for which should be a slight fine without imprisonment. Did the legislature, by the use of the word misdemeanor estop itself from making any declaration on the subject of procedure and irrevocably designate the new offense as one belonging to the class of offenses that could be tried only in the court of quarter sessions before a jury "as heretofore"? We answer there is no provision in our Constitution; there is no statute in force; and there is no judicial utterance in Pennsylvania binding upon this court to uphold the affirmative of the proposition. Again we concede that expressions may be found in the utterances of both courts and text-writers wherein the word misdemeanor is said to include all indictable offenses less than felonies. Doubtless that is a sufficiently correct statement of the meaning of the word when used in its broad generic sense. But if it be true that the word includes all indictable offenses below the grade of felony, it does not follow it may not with propriety be used by the legislature to designate a class of petty offenses not known to the common law, and not necessarily indictable.

Mr. Bishop defines the word misdemeanor in this language: "All crime less than felony is misdemeanor." In turn he thus defines the word crime: "A crime is any wrong which the government deems injurious to the public at large and punishes through a judicial proceeding in its own name." In Words and Phrases, Vol. 5, page 4533, we find a great variety of definitions, or more precisely, of descriptions, of the meanings attached by courts and text-writers to the word misdemeanor. It is true many references are cited in support of this definition, namely: "A misdemeanor is an indictable offense not amounting to a felony." On the other hand, the following statement meets with just about as wide approval: "The term misdemeanor, as used in any statute, shall be construed as including any offense punishable only by

fine or imprisonment in a county jail or both." Decisions of the courts of the same states are cited in support of each of these definitions. In Bouvier's Law Dictionary, 3d ed., page 2222, we find that the word misdemeanor is "A term used to express every offense inferior to felony, punishable by indictment, or by particular prescribed proceedings. In its usual acceptation, it is applied to all those crimes and offenses for which the law has not provided a particular name." These definitions show to our satisfaction that the words crime and misdemeanor are generic words of very wide significance and that there has been no universal adoption of a precise, definite and exclusive meaning to be attached to either of them. The mere massing therefore of such general statements, especially when they are wrenched from the context in which they are used in an opinion, furnishes but little support for the contention that, by the use of the word misdemeanor in the statute we are considering, our legislature committed itself to the conclusion it was creating an indictable offense. We can find no legal magic in the use of the word misdemeanor to warrant a judicial declaration that because of such use the plainly expressed legislative intent should be set aside and the will of the people thwarted. Where it was not necessary for a court, in the course of an opinion on a given subject, to delimit with precision and accuracy the legal limitations of the class of offenses that might be included under the word misdemeanor, it is stretching the meaning of general expressions used, to conclude from them that there is anything in the Constitution of Pennsylvania that so cripples the legislature in the performance of its functions that it may not use the word misdemeanor in as broad a sense as it may choose to use it.

3. In the course of his opinion the learned president of the court below points out with much persuasive force the reasons that would have led him to a different conclusion had he felt free to follow his own judgment. He

says: "But we are constrained to rule contrary to our own judgment in the matter through respect for and under authority of the statement of Judge HENDERSON of the Superior Court in Mountain v. Com., 68 Pa. Superior Ct. 100." We think it will be apparent upon an examination of that case it does not rule the controlling question raised by this appeal. Indeed, it is so expressly declared in the opinion itself. The decision of this court in that case rested on the proposition that the offense with which the defendant in that case was charged, and of which he was summarily convicted before a magistrate, was nothing more nor less than the offense of assault and battery, which had always been triable by indictment only, either at the common law or under our Crimes Act of 1860. A defendant charged with such an offense had a clear constitutional right to a trial by jury and that was all that was decided in the case referred to. It is true that in the course of the opinion our Brother HENDERSON said: "It might well be contended that if the offense charged is new to the law of the Commonwealth, it is still an indictable offense because a misdemeanor, but it is unnecessary to dispose of the case on this view of it."

We are persuaded therefore, first, that the offense of which the defendant was convicted by the magistrate was not one indictable at common law, and therefore it was entirely competent for the legislature, in creating the offense, to determine the mode in which the guilt or innocence of one charged should be determined. Second, the law of Pennsylvania does not attach to the legislative use of the word misdemeanor such a congealed and exclusive meaning that it may not include, if the legislature so wills, petty offenses that may properly be tried before a subordinate magistrate. Finally, that there is nothing in the decision of this court in Mountain v. Com., supra, that, under any proper understanding of the doctrine expressed in the words stare decisis, would require us to hold that the word misdemeanor could have

no broader significance than that adopted by the court below in reversing the judgment of the magistrate.

The learned court below, as we gather from the opinion filed, practically dismissed all of the remaining exceptions to the record of the magistrate save only the one we have been considering. We therefore reverse the judgment of the court below and remit the record with direction to dismiss all of the exceptions filed to the record on the writ of certiorari and to affirm the judgment of the magistrate.

DISSENTING OPINION BY KELLER, J.:

The Act of March 29, 1869, P. L. 22, provides that whoever shall wantonly or cruelly illtreat or abuse any animal shall be deemed guilty of a misdemeanor. This is a clear and concise declaration which would ordinarily be understood as requiring the binding over of a defendant to the court of quarter sessions and a trial by jury therein; the provisions following which are construed to convert the proceeding into a summary one are, in my opinion, repugnant to our present Constitution and of no effect.

Appeals from summary conviction can only be taken upon allowance of the appellate court upon cause shown (Constitution, article V, section 14), and when so allowed they are tried by the court of quarter sessions without a jury: Com. v. Waldman, 140 Pa. 89; Sadler on Criminal Procedure, section 778. This act provides that if the fine imposed by the alderman or magistrate is over ten dollars, the defendant may appeal to the court of quarter sessions simply by entering bail in the usual manner for his appearance at said court, "when the offense shall be prosecuted in the same manner as is now directed by law in other cases of misdemeanor," showing that the term "misdemeanor" was used in its strict sense of an indictable offense not amounting to felony.

The act also provides (section 2), that the alderman or magistrate, in lieu of deciding the cause, may bind over or commit the accused to appear at the court of quarter sessions and if on such binding over or commitment, or if on appeal as aforesaid, the defendant be convicted of such misdemeanor he shall be sentenced to pay a fine not exceeding two hundred dollars, or undergo an imprisonment not exceeding one year or both at the discretion of the court. In my opinion, an offense cannot lawfully be changed from a summary conviction, with a maximum fine of twenty dollars, to an indictable offense, punishable by fine and imprisonment, at the whim or caprice of an alderman or magistrate; the law must fix it as one or the other, and the accused has a right to know definitely which it is.

The act declares the offense to be a misdemeanor and fixes the sentence on conviction after trial by jury in the court of quarter sessions; the remaining provisions may be disregarded as in conflict with the Constitution.

I would affirm the judgment of the court below.