## Commonwealth v. Moul

*Nevin Stetler*, for appellant.

*Luria & Still* and *Raymond R. Smith*, for prosecutrix.

SHERWOOD, P. J., July 25, 1951.—This matter is before the court on appeal after special allowance from a summary conviction wherein the alderman imposed a fine of $25 and costs.

Morgan Moul, appellant, is a school teacher at the Harmony Grove School of Dover Township, York County, Pa. One of the pupils in his school is Virgil Crane, whose mother, Courtney Crane, the private prosecutrix, before Alderman Paul C. Barnhart of York City, York County, Pa., on February 1, 1951, charged Morgan Moul with willfully and unlawfully ill-treating, abusing and assaulting her son, Virgil Crane, on September 20, 1950, and at times subsequent thereto, in violation of the Act of June 24, 1939, P. L. 872, sec. 728, 18 PS §4728.

On February 27, 1951, in a summary proceeding the alderman convicted Morgan Moul of the offense charged and sentenced him to pay a fine of $25 and the costs of the proceeding. On March 3, 1951, an appeal from the decision of the alderman was allowed by the court. The appeal raises a question of jurisdiction.

The question presented for the court's determination is whether an alderman has jurisdiction summarily to convict a school teacher charged with ill-treating, abusing or assaulting a pupil.

The Constitution of the Commonwealth of Pennsylvania provides in article I, sec. 6, as follows: "Trial by Jury shall be as heretofore, and the right thereof remain inviolate." The problem, therefore, is resolved to determine whether or not defendant in a case of a school teacher who is charged with unreasonably punishing a pupil was, prior to the Constitution of 1874, entitled to a trial by jury. If the statute under which the alderman found defendant guilty in a summary proceeding was intended by the General Assembly to cover the case of a teacher who unreasonably punished a pupil, it merely reënacted the prohibition against assault and battery, for the law is that a teacher who unreasonably punishes a pupil is guilty of that offense: Mountain v. Commonwealth, 68 Pa. Superior Ct. 100 (1917) ; Commonwealth ex rel. v. Heiman, 127 Pa. Superior Ct. 1; Allen v. Commonwealth, 77 Pa. Superior Ct. 244.

Assault and battery is a misdemeanor at common law and the accused is, therefore, indictable and triable only in the court of quarter sessions before a jury of 12. This was true at the time of the founding of the Commonwealth and under all of our Constitutions. This right to a jury trial on such a charge cannot be taken away by a statute vesting jurisdiction in an alderman. The legislature has no authority to prescribe a different mode of trial without the consent of the defendant: Commonwealth v. Saal, 10 Phila. 496.

There is further logic and legal reasoning to support the view taken by appellant. The act under which defendant was charged succeeded the Act of June 11, 1879, P. L. 142, secs. 1 and 2, which made the offense a misdemeanor. A misdemeanor is an indictable of-

fense triable by a jury of 12. The Act of 1879 in turn succeeded the Crimes Act of 1860, which declared the offense to be assault and battery. The entire history of this offense shows that it was not only a misdemeanor at common law but that it was expressly declared to be a misdemeanor under the Act of 1860 and the Act of 1879, the predecessors to the Act of 1939. Although the Act of 1939 has removed the language denominating the offense to be a misdemeanor, this in no way can alter defendant's rights under the Constitution, as quoted supra. The act being a misdemeanor, defendant is entitled to a jury trial by a jury of 12 and an alderman has no jurisdiction summarily to convict a school teacher charged with ill-treating a pupil.

The Act of June 24, 1939, P. L. 872, sec. 728, 18 PS §4728, is unconstitutional insofar as it attempts to deprive defendant in this case of his right to a trial by a jury and subject him to a summary proceeding. As set forth above, defendant in this matter is protected by article I, sec. 6, of the Constitution of the Commonwealth of Pennsylvania, and the Constitution has expressly guaranteed that the right to a trial by a jury shall remain inviolate. There is no power or authority in the General Assembly of Pennsylvania to prescribe a new form of trial without a jury for an offense which is a misdemeanor at common law and which carries with it the right to a jury trial: Mountain v. Commonwealth, supra. Any legislation which attempts so to do is clearly invalid and unconstitutional.

It follows that the alderman, Paul C. Barnhart, had no jurisdiction summarily to convict defendant in this matter inasmuch as it would deprive him of his right to a trial by a jury and that legislation so authorizing such proceeding is unconstitutional insofar as it relates to a school teacher charged with ill-treating a pupil.

And now, to wit, July 25, 1951, it is ordered, adjudged and decreed that the appeal is sustained and

the conviction of defendant, Morgan Moul, by Alderman Paul C. Barnhart and the imposition of a fine of $25 and costs of prosecution is set aside.