# Commonwealth v. Gurtovoy

*John H. Maurer*, District Attorney, and *James W. Tracey, Jr.*, Assistant District Attorney, for Commonwealth.

*Henry W. Balka*, for private prosecutor.

*Bernard Dallen*, for defendant.

CRUMLISH, J., December 31, 1951.—This matter is before us de novo, as an appeal from a summary judgment against defendant, Victor Gurtovoy, on complaint filed by defendant's former employe, Ralph Franklin Fasick, for defendant's failure to comply with the Act of April 24, 1913, P. L. 114, 43 PS §251, with regard to wages due and owing to complainant.

Mr. Gurtovoy, defendant, employed Ralph Fasick, the prosecutor, as an apprentice watchmaker under an oral contract, at an agreed salary of $20 a week. Payments were made regularly at first; then less than the agreed amount was paid. Finally, complainant left the employ of Mr. Gurtovoy to open his own watch repair business, with past wages still due and payable, which the parties agreed would be paid off at $5 a week, or faster if possible. Complainant does not ask for judgment on the unpaid balance, but requests that defendant be found guilty of failure to comply with

the Act of April 24, 1913, supra, and subjected to a fine for committing a misdemeanor.

The Act of April 24, 1913, supra, provides:

"Section 1. Unless otherwise stipulated in the contract of hiring, each person, firm, or corporation employing any person, other than at an annual salary, shall pay to such person his or her earnings or wages semi-monthly. The first payment shall be made between the first and fifteenth day of each month, and the second payment shall be made between the fifteenth and the last day of each month.

"Section 2. Any person, firm, or corporation that shall violate any of the provisions of this act shall be guilty of a misdemeanor, and upon conviction thereof before any alderman, magistrate, or justice of the peace of the proper county shall be sentenced to pay a fine not exceeding one hundred dollars ($100).

"Section 3. Nothing in this act shall prohibit the payment of wages or earnings oftener than semi-monthly."

The first question for consideration is the constitutionality of the Wage Act of 1913, supra. Defendant contends that the designation of the violation of the act as a "misdemeanor" presupposes an indictable offense, triable before a jury. He relys upon Commonwealth v. Dranga, 70 D. & C. 260 (1949), opinion by Jones, J., speaking for the County Court of Allegheny County, where it was said:

"We are mindful of a line of cases that permits the legislature in setting up any offenses not heretofore contemplated, to be tried summarily, without jury, and had the legislature defined the offenses that it intended to punish in the instant act, as a summary conviction, then we believe that the requirements of the Constitution would have been met, but there is the plain word 'misdemeanor' . . ."

See also Com. v. George Walter, 2 Blair 90 (1901). Cf. Mountain v. Com., 68 Pa. Superior Ct. 100 (1917).

The use of the word misdemeanor in an act providing for an offense to be tried summarily without a jury was discussed at length in Allen v. Commonwealth, 77 Pa. Superior Ct. 244, 250 (1921) and in Commonwealth v. Family Furniture Co. 29 Luz. 81, 82 (1934). In the Allen Case, supra, under consideration was the Act of March 29, 1869, P. L. 22, which provided, inter alia, "That any person who shall, . . . wantonly or cruelly illtreat . . . any animal . . . shall be deemed guilty of a misdemeanor, and on being convicted thereof, before any . . . magistrate, shall be fined by the said . . . magistrate . . .", etc.

After discussing the meaning and the use of the term misdemeanor it was there held:

"We are persuaded therefore, first, that the offense of which the defendant was convicted by the magistrate was not one indictable at common law, and therefore it was entirely competent for the legislature, in creating the offense, to determine the mode in which the guilt or innocence of one charged should be determined. Second, *the law of Pennsylvania does not attach to the legislative use of the word misdemeanor such a congealed and exclusive meaning that it may not include, if the legislature so wills, petty offenses that may properly be tried before a subordinate magistrate*". (Italics supplied.)

In the Family Furniture case, supra, Jones, J., speaking for the Quarter Sessions Court of Luzerne County, reached this conclusion: "Calling the offense a misdemeanor did not make the charge an indictable misdemeanor so long as the Act provided the remedy to pursue." In Com. of Pa. v. Petritis, Alias Peters, 31 Luz. 426 (1936), Coughlin, J., speaking for the

Quarter Sessions Court of Luzerne County, upon the interpretation of the Wages Act of 1913, said:

"From the reading of the Act it is apparent that the conviction is to be before an alderman, magistrate, or justice, following which the penalty shall apply . . . It is the contention of the Commonwealth that the offense is a misdemeanor. It is so named. The Act that names it, however, provides for a hearing before a justice of the peace and the imposition there of the penalty following conviction. There is no provision as to appeal. This statute provides for a summary conviction. It is such regardless of what it is called. . . . In the case at bar the procedure provided by the Act of 1913 must be followed from the standpoint of both the Commonwealth and the defendant, and the defendant has a right to protect himself by appeal under the Constitution. It would then come before the Court on a hearing de novo".

And, in Commonwealth v. Muller et ux., 31 D. & C. 372 (1938), Judge Hoban, speaking for the Quarter Sessions Court of Lackawanna County, held that the magistrate had erred in binding defendants over for action of the grand jury, stating:

"Section 2 of the act provides that upon violation of any of its provisions a defendant is guilty of a misdemeanor and upon conviction thereof before any alderman, magistrate, or justice of the peace shall be sentenced to pay a fine not exceeding $100. The act provides no further penalty. We have been shown no case discussing the act or others similar to it where the procedure was other than by summary conviction, and we are of the opinion that the quarter sessions is without jurisdiction except by way of appeal. There should never have been an indictment for this offense."

In Commonwealth ex rel. Thos. Leslie v. B. F. May, Sheriff, 24 Pa. C. C. 546 (1900), under consideration

was the Act of 1878, P. L. 144, which provided, inter alia:

"Section 2. That any person who shall adulterate milk, shall be deemed guilty of a misdemeanor, and on conviction shall be punished by a fine of not less than ten dollars for each and every offense, . . . ."

Relator had been adjudged guilty and fined by a justice of the peace; having failed to pay the fine he was committed to the county jail. In discharging relator it was held that since the offense was designated as a misdemeanor and since a justice of the peace was not given jurisdiction by the act to try any of the offenses designated therein, the jurisdiction was in the quarter sessions court under the Criminal Procedure Act of March 31, 1860, P. L. 427, which provided:

"The courts of quarter sessions shall also have jurisdiction in cases of fines, penalties or punishments, imposed by any act of assembly, for offenses, misdemeanors or delinquencies, except where it shall be otherwise expressly provided and enacted."

It may also be observed that the courts have, without passing on the precise objection here raised, upheld similar statutes, wherein the offenses have been called misdemeanors. Our courts have repeatedly through the years expressed the view that the mere use of the word "misdemeanor" without more in a statute, does not "per se" assure the accused of indictment and trial by jury.

From an examination of the cases, we conclude, where the legislature provides for summary convictions, and the question of right of trial by jury arises:

(a) If the right of trial existed "heretofore" the statute is unconstitutional;

(b) where jurisdiction is not otherwise conferred the jurisdiction is in the quarter sessions courts;

(c) where jurisdiction is expressly conferred such designated tribunals shall have jurisdiction regardless of nomenclatures given newly-created offenses.

Accordingly, we hold the act to be constitutional.

The next question before the court is: When an employer and an employe have agreed by oral contract to a specific sum of money to be paid as a weekly salary, does the employer's subsequent failure to pay that agreed salary constitute a misdemeanor within the purview of the Act of 1913, supra.

This same question has been presented previously and has been decided by our lower courts. Judge Alessandroni, in Commonwealth v. Lipschutz, 19 D. & C. 415 (1933), said:

"The language of the act clearly indicates that it was the purpose of the legislature to require that wages be paid at least semi-monthly, unless otherwise stipulated in the contract of hiring. The act is a proper exercise of the police power, as it is obviously designed to protect employes from unscrupulous employers who would fail to provide a definite time for the payment of earnings or wages in making contracts of employment, and then by deferring the payment of the wages for an excessive period of time, either defraud their employes or reduce them to a condition tantamount to serfdom. . . . It is obvious from the testimony produced that the prosecutors were to be paid weekly, and that their employers failed to do so for several weeks. The Act of 1913 is not designed as an instrument for the collection of wages that are not paid. From the testimony of the sole witness produced, it appears that an agreement existed for the payment of wages every week, and therefore a prosecution under the Act of 1913 does not lie, as the act expressly exempts cases in which agreements are made between employer and employe for a time of payment other than semi-

monthly. If the act is construed contrary to its express language, namely, as requiring all wages to be paid semi-monthly, it would clearly violate the provisions of the Constitution of Pennsylvania prohibiting the impairment of the obligation of contracts. It does not so provide, and the testimony does not support the prosecution under the Act of 1913."

On an appeal from a summary conviction of an employer for violation of the Act of April 24, 1913, supra, in Commonwealth v. Hause, 25 Del. Co. 429 (1935), Judge MacDade stated:

"Wages are to be paid therefore semi-monthly under the Act of April 24, 1913, unless otherwise stipulated in the contract of hiring. Any question of violation of said Act can be avoided by so stipulating."

Finally, on a motion to quash an indictment brought under the Act of April 24, 1913, supra, in Commonwealth v. Muller, supra, Judge Hoban stated:

". . . the act clearly restricts its operation to cases where there is no stipulated period for the payment of wages in the contract of hiring. The operation of the act can be entirely avoided by prescribing in the contract of hiring for the payment of wages at intervals upon which the parties may agree."

The facts in the present case clearly show a contractual agreement to provide a weekly wage for complainant. There is no dispute as to that arrangement, and from the evidence presented, defendant Gurtovoy acted in good faith in meeting those payments, until he was financially unable to do so, at which time he agreed with Fasick to decrease the indebtedness gradually, in the amount of $5 a week. His present failure to continue those payments does not make him subject to the Act of April 24, 1913, supra.

Accordingly, we enter the following

*Order*

And now, December 31, 1951, after due hearing, defendant Victor Gurtovoy is found not guilty of violating the provisions of the Act of April 24, 1913, P. L. 114, 43 PS §251, and is entitled to be and is hereby discharged.