## Commonwealth v. Polokow

*Wilbur Creveling,* for Commonwealth.
*Harry Kitey,* for defendant.

KOCH, J., September 10, 1963.—On October 5, 1962, at 8:20 p.m., Stanley Polakow, defendant, drove a vehicle which was involved in an accident on Route 309 in Lowhill Township. After an investigation by Trooper John M. Yencha, of the Pennsylvania State Police, he lodged an information charging defendant with reckless driving pursuant to The Vehicle Code of April 29, 1959, P. L. 58, sec. 1001, 75 PS §1001. Hear-

ing before the justice of the peace was waived, bond posted and the matter was heard by this court.

Before testimony was taken, defendant's counsel moved to quash the information on the ground that it failed to state that it was based on information received and was, therefore, in violation of article I, sec. 8, of the Constitution of Pennsylvania. We denied the motion and, after hearing, adjudged the defendant guilty. We now have before us a motion in arrest of judgment based solely upon the same principle argued by defendant at the opening of the hearing.

We might summarily deny the motion on the ground that the information was *not* based on information received. It is true that the arresting officer was not an eye witness to the fact that defendant drove on a two-lane highway in the darkness at a high rate of speed and to the left of the center line and subsequently causing a serious collision with two other vehicles approaching in the opposite direction. These events were established by the operators of the vehicles. Upon arriving at the scene, approximately 45 minutes after the accident, the officer observed the debris and other physical evidence.

In addition, the record shows the following testimony of Trooper Yencha:

"Q. Did you have any conversation with the Defendant?

"A. Yes. I asked what happened, and he said he was traveling south at fifty miles an hour and it was foggy and that he hit two times, and that's all he stated. He didn't give me any more information.

"Q. Did you observe anything about his deportment?

"A. Yes, I could smell liquor, but due to the lapse of time, a test wouldn't show up."

In the light of all of the evidence produced by the Commonwealth, we find it difficult to comprehend that

the information needed to have appended to it a reference that the facts to which the trooper swore were based upon information received. Article I, sec. 8, of the Constitution of the Commonwealth* is intended to guard against the abuse of warrants by issuing them without good cause, or in so general a form as to permit the harassing of innocent persons: Wakely v. Hart, 6 Binney 316; Commonwealth v. Mecca Cooperative Co., 60 Pa. Superior Ct. 314.

The cases of Commonwealth v. Gelbert, 170 Pa. 426, and Commonwealth v. Phelps, 170 Pa. 430, cannot be regarded as authority for the position taken by defendant. In the Gelbert decision, it was held that in summary proceedings for the violation of the Sunday Law of 1794, the information was defective for the reason that it failed to aver that defendant's acts were, in fact, performed on a Sunday. In Phelps, the information failed to reveal that an offence was committed in the county where the proceeding was instituted.

In Commonwealth v. Rupp, 84 D. & C. 435, decided by our learned colleague, President Judge Henninger, the prosecutor had no knowledge of the facts but swore unequivocally that defendant committed the act which the justice of the peace found to be reckless driving. Defendant moved to quash the proceedings because the prosecutor had no personal knowledge and because the information had typed on it a heading reading, " 'On Information Received.' " Judge Henninger, in concluding that the information was not invalid, referred to Commonwealth v. Mallini, 214 Pa. 50, which held that an unequivocal oath to an information necessarily

* "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant."

implies an avowal of truth and belief and that whether or not it is upon the personal knowledge of the deponent, such an oath satisfies the requirement of averment of belief.

This court adhered to the principle of the Rupp case in Commonwealth v. Grossman, 26 D. & C. 2d 253, and has been cited with approval in Commonwealth v. Kepner, 2 D. & C. 2d 756, and Commonwealth v. Cravener, 16 D. & C. 2d 134.

We can find no basis to justify a departure from our previous rulings particularly since defendant in this case has failed to demonstrate in what manner he was prejudiced in the preparation of his defense. Moreover, there is a complete absence of any evidence which would support a conclusion that the trooper's oath was of a frivolous nature and taken without probable cause or for the purpose of harassing an innocent person.

### Order

Now, September 10, 1963, defendant's motion in arrest of judgment is denied and it is ordered that he appear for sentence in court room no. 1 on September 23, 1963, at 9:30 a.m., unless before that time he pay to the clerk of quarter sessions a fine of $10 and costs of prosecution.